551 So.2d 643 (1989)
MARINE SHALE PROCESSORS
v.
STATE of Louisiana, DEPARTMENT OF ENVIRONMENTAL QUALITY.
Nos. CW/89/1176, CW/89/1360.
Court of Appeal of Louisiana, First Circuit.
September 1, 1989.
Writ Denied September 29, 1989.
Louis R. Davis, Lafayette, Paul T. Gallagher, and H. Adam Lawrence, Baton Rouge, for Marine Shale Processors, Inc.
Elizabeth R. Megginson and John B. King, DEQ, William J. Guste, Jr., Atty. Gen., Russell R. Hodges, II, Staff Atty., Baton Rouge, for the State and DEQ.
Before COVINGTON, C.J., and WATKINS and SHORTESS, JJ.

THESE MATTERS HAVE BEEN CONSOLIDATED
WRIT GRANTED IN PART; DENIED IN PART. The trial court has no subject matter jurisdiction to grant declaratory relief either as to the original water resource order, the foreign waste matter or the aggregate matter. These three matters fall within the specific province of the Department of Environmental Quality (hereinafter DEQ) and this court, under Louisiana Revised Statutes 30:2024. The statutory scheme is not ambiguous. See Marine Shale Processors, Inc. v. Department of Environmental Quality, 543 So.2d 487 (La.App. 1st Cir.1989). Therefore, any objections to the subject matter jurisdiction of the trial court, in relation to these three matters, is sustained and these portions of the suit are dismissed with prejudice.
The trial court does have jurisdiction to entertain the suit for nullity, but only to the extent that Marine Shale Processors (hereafter MSP) attacks the March 10, 1989 judgment. (The trial court has no jurisdiction to rule on the validity of the underlying water order.) Further, the only issue properly before the trial court in the nullity suit is whether or not MSP has complied with the water resource order. See Louisiana Revised Statutes 30:2025 G(2), last sentence. Accordingly, the district court is the proper forum to maintain that portion of the suit for declaratory judgment which attacks Louisiana Revised Statutes 30:2025 G as unconstitutional. Since section 2025 G is not substantively related to issues that might ever be before the DEQ, but is related merely to a procedure employed by the Attorney General in the district court, the district court's litigation of this issue in no way undermines the statutory scheme. Therefore, insofar as the objections to subject matter jurisdiction relate to these matters, they are overruled.
In light of this ruling, the various injunctive reliefs granted to MSP by the trial court are vacated, except the temporary restraining order which enjoins DEQ from executing on the March 10 judgment. That portion of the judgment remains valid. (The amendment to that temporary restraining *644 order, which enjoined DEQ from enforcing the underlying water order, is vacated, under our reasoning set forth herein.)