567 So.2d 75 (1990)
Charles R. MOORE, et al
v.
Governor Charles "Buddy" ROEMER, et al.
No. 90-C-1033.
Supreme Court of Louisiana.
September 6, 1990.
Rehearing Denied October 4, 1990.
*77 William J. Guste, Jr., Roy A. Mongrue, Jr., Asst. Atty. Gen., John N. Kennedy, Stephen W. Cavanaugh, for Governer Charles "Buddy" Roemer, et al., defendant-applicant.
Philip G. Hunter, Fuhrer, Flournoy, Hunter & Morton, for Charles R. Moore, Henry Rubin and Otin Burr, plaintiffs-respondents.
LEMMON, Justice[*]
This is a direct appeal under La. Const. art. V, § 5(D) from a judgment of the court of appeal declaring the unconstitutionality of the provision of Act 938 of 1988 which vested in administrative hearing officers the "exclusive original jurisdiction" to adjudicate worker's compensation claims. See La.Rev.Stat. 23:1310.3A(4). We affirm, concluding that the portions of Act 938 of 1988 which divest the district courts of original jurisdiction over worker's compensation claims violate La. Const. art. V, § 16(A).[1]
In 1914 the Louisiana Legislature enacted a worker's compensation system which remained in effect without major changes until 1975. W. Malone & H. Johnson, 13 Louisiana Civil Law TreatiseWorker's Compensation § 36 (1980). Under the original act an employee initiated a claim for compensation by filing a civil suit against his employer in the district court.
By Act 583 of 1975 the Legislature enacted major amendments to the worker's compensation law, but retained the requirement for an employee to initiate a civil suit in the district court in order to recover compensation.
In Act 1 of the 1983 Extraordinary Session the Legislature created the Office of Worker's Compensation Administration (OWCA). The 1983 legislation also required an employee to file a compensation claim initially with the director of the OWCA, who thereafter issued an advisory recommendation for disposition of the claim. If any party rejected the recommendation, the employee had the right to file a civil suit in the district court.
Act 938 of 1988 eliminated the role of the district courts in worker's compensation litigation and created administrative hearing officers within the OWCA to serve the adjudicatory function that district court judges had previously fulfilled. W. Malone & H. Johnson, 14 Louisiana Civil Law Treatise Worker's Compensation § 381.10 (Supp.1990). Act 938 requires an injured employee to file a notice of injury with the Director and thereafter to file a petition with the OWCA if there are controverted issues that cannot be resolved by the parties. The petition, the filing of which interrupts the running of prescription, is assigned *78 to a hearing officer who has the duty to encourage settlement, to hold a hearing, and to issue a decision which has the effect of a final money judgment between the employee and employer, subject to an appeal by either party to a designated court of appeal within the delays established in the Code of Civil Procedure for appeals from district courts.[2] La.Rev.Stat. 23:1310.5(B).
Plaintiffs, two worker's compensation claimants and an attorney whose practice includes representing worker's compensation claimants, filed this action seeking a declaration of unconstitutionality of Act 938 of 1988 on several grounds.[3] Plaintiffs also sought to enjoin the appointment of any persons to fill the hearing officer positions created by Act 938.
The district court dismissed plaintiffs' action, finding that Act 938 was constitutional. In pertinent part the court reasoned:
The Act does not unconstitutionally divest district courts of original jurisdiction by providing for the administrative processing of injured worker's claims for compensation. The terms `original, exclusive and appellate' jurisdiction, as used in the Louisiana Constitution, Article 5, Section 10 and Section 16, address the distribution of the judicial power vis a vis the courts. The constitution does not preclude administrative agencies from exercising jurisdiction over matters which are not ripe for judicial action. Neither the federal nor the state constitution impose on the legislature an obligation to provide employees who suffer injuries on the job with a particular kind of remedy. The legislature has the power to create, limit or abolish causes of action. The legislature has the power to enact laws governing the procedure by which rights may be exercised and to allocate access to the judicial branch in any manner which is not totally arbitrary. (citations omitted).
On appeal, the court of appeal held that the provisions of Act 938 which divested the district courts of original jurisdiction over worker's compensation claims were unconstitutional. 560 So.2d 927. Noting that La.Const. art. V, § 16 vests the district courts with original jurisdiction over civil matters except as otherwise authorized by the constitution, the court determined that a claim for worker's compensation was a civil matter and a private right over which district courts had original jurisdiction. Since the constitution did not "otherwise authorize" the Legislature to take jurisdiction away from the district courts, the legislative action was invalid.
Defendants then perfected this appeal.
The burden of proving that an act is unconstitutional is upon the party attacking the act. Because the Legislature is entitled to exercise any power not specifically denied by the constitution, a party questioning the constitutionality of an act must point to a specific provision of the constitution which clearly prohibits the legislative action. Board of Directors of the Louisiana Recovery District v. All Taxpayers, Property Owners, and Citizens of Louisiana, 529 So.2d 384 (La.1988); Board of Commissioners v. Department of Natural Resources, 496 So.2d 281 (La.1986); Swift v. State, 342 So.2d 191 (La.1977); Ancor v. Belden Concrete Products, Inc., 256 So.2d 122 (La.1971). When a court can reasonably do so, it must construe a statute so as to preserve its constitutionality. State v. Newton, 328 So.2d 110 (La.1976).
Defendants first contend that worker's compensation is not a "civil matter" within *79 the contemplation of La. Const. art. V, § 16(A). Defendants argue that, in addition to civil and criminal matters, there is a separate innominate category of legal matters and that the Legislature intended by Act 938 to remove worker's compensation from the category of civil matters.
Original jurisdiction refers to jurisdiction in the first instance. 20 Am. Jur.2d Courts § 98 (1965). The term designates the adjudicative tribunal in which the initial adjudication is made. When the original jurisdiction allocated to the various courts is circumscribed by the Louisiana Constitution, the Legislature may not alter such jurisdiction by statute. State v. Seals, 254 La. 904, 228 So.2d 310 (1969); Succession of Dyer, 184 La. 251, 166 So. 68 (1936).
Irrespective of any intent to remove worker's compensation claims from the category of civil matters and to circumvent the constitutional requirement for original jurisdiction in the district court, the Legislature was without authority to divest the district court of original jurisdiction over "all civil and criminal matters". Original jurisdiction over civil actions historically has been vested in the district courts.[4] During the Constitutional Convention of 1973 there was a proposal to institute a change which would allow the Legislature to fix the jurisdiction of the district courts, but that proposal was defeated. The history of Section 16 of Article V indicates a clear intent by the Constitutional Convention to prohibit the Legislature from changing the jurisdiction of district courts by majority vote.[5]
The language of La. Const. art. V, § 16 makes it evident that the drafters of the 1974 constitution intended to vest the district court with at least concurrent original jurisdiction to adjudicate all legal matters, both civil and criminal, except for those matters in which original jurisdiction is "otherwise authorized" by the constitution itself in other courts or in other adjudicate tribunals. La. Const. art. V, § 16(A) uses the term "civil" in direct contrast to "criminal" matters. This terminology indicates an intent by the drafters to include all matters not criminal in nature as "civil matters" under the district court's original jurisdiction.[6] Nothing in the constitution suggests any intent that a separate category of innominate matters should be excluded from these all-inclusive terms.
The constitution's explicit statement that original jurisdiction over all civil and criminal matters is to be in the district courts "unless otherwise authorized by the constitution", along with express authorization elsewhere in the constitution for original jurisdiction in administrative bodies such as the Civil Service Commission and Public Service Commission, further indicates that matters under the original jurisdiction of administrative bodies are civil matters which would otherwise come under the original jurisdiction of the district court.[7] Another manifestation of the drafters' *80 intent to categorize legal matters as civil and criminal is the fact that the constitution vests in the Supreme Court the authority to review questions of both law and facts in civil cases, but limits review authority in criminal matters to questions of law. La. Const. art. V, §§ 5(C) and 10(B). These provisions encompass all matters, including those which come to the court through administrative agencies.
The debates during the Constitutional Convention concerning Article V further support this interpretation. There was very little debate over Section 16(A) and none specifically addressing the term "civil matters". There was comment, however, that Section 16 provided no substantive change from the 1921 Constitution or from the format of original jurisdiction for district courts in effect at that time. Records of the Louisiana Constitutional Convention of 1973: Convention Transcripts, 32nd Day Proceeding, August 17, 1973, p. 795.
Worker's compensation claims, from their inception through the Constitutional Convention of 1974, were brought at the district court level. The delegates who proposed the 1974 constitution and the people who voted to adopt the constitution knew that worker's compensation was a civil matter over which the district courts of the state had original jurisdiction. Despite this knowledge the drafters used language which vested in the district courts the original jurisdiction of all matters, criminal and civil, except those in which the constitution (by provision in the 1974 constitution or by subsequent constitutional amendment) clearly authorized original jurisdiction in other courts or other adjudicate tribunals.
We therefore conclude that the term "civil matters", as used in La. Const. art. V, § 16(A), includes claims for worker's compensation.
Conceding that Article V of the Louisiana Constitution governs judicial adjudications and the allocation of jurisdiction among the various courts to perform judicial adjudications, defendants contend the constitution does not require that all remedies created by the Legislature be handled by judicial adjudication. According to defendants, the compensation remedy created by the Legislature for injured workers may be handled by administrative adjudication. Defendants argue that the Legislature, by Act 938 of 1988, effectively repealed the previously existing judicial remedy in worker's compensation cases and created a new administrative remedy, thereby making inapplicable to compensation claims Article V's requirement of original jurisdiction in the district court. Defendants urge that this was a valid exercise of legislative power inasmuch as worker's compensation, being a remedy created by the Legislature, is subject to being abolished or modified by the Legislature. They further argue that worker's compensation involves public law and that the Legislature is free to create administrative jurisdiction in cases involving public rights.
Defendants' reasoning is incomplete. Once the Legislature has created a remedy, the manner in which the remedy is to be exercised is subject to constitutional limitations. While the Legislature had the constitutional power to change the worker's compensation remedy or even to abolish worker's compensation and return to the general tort system, the remedy which was chosen by the Legislature for implementation is subject to constitutional control regarding jurisdiction over claims asserting such remedies. The Legislature is not free of constitutional restraints on jurisdiction over a particular remedy which has been legislatively created, regardless of the classification given the remedy by the Legislature.
As to the power of the Legislature to create administrative adjudication in matters involving public rights, defendants contend that worker's compensation is a matter of public law, similar to the environmental laws administered by the Department of Environmental Quality in which there is an administrative hearing with appellate review by the appropriate court of *81 appeal.[8] Citing Marine Shale Processors, Inc. v. State of Louisiana, Department of Environmental Quality, 551 So.2d 643 (La.App. 1st Cir.1989), cert. denied, 553 So.2d 465, defendants assert that it is appropriate for the Legislature to relegate worker's compensation and other matters of public law to adjudication by procedures established by the Legislature which are different from the original jurisdiction in the district courts that is constitutionally required for civil matters involving private law.
Without addressing the correctness of the Marine Shale decision, we note that worker's compensation is not a matter of public law. Admittedly, worker's compensation is a matter of great public interest and is subject to extensive governmental regulation as to the nature and extent of the remedy.[9] However, while the Legislature in the field of worker's compensation defined relationships, rights and duties that the parties are not free to derogate by contract, the litigation nevertheless adjudicates a dispute between private parties and results in a money judgment affecting only those parties.[10] Moreover, the government is not a party in worker's compensation litigation and is not involved in administering the worker's compensation system as, for example, in unemployment compensation administration, where the government operates the system and pays the benefits, allocating the costs thereof by various criteria to all employers in the state.
Because we conclude that a worker's compensation action is a matter of private law, we reject defendants' contention based on a contrary argument.
For these reasons the judgment of the court of appeal is affirmed.
DENNIS, J., concurs and will assign reasons.
NOTES
[*] Judge Denis A. Barry of the Court of Appeal, Fourth Circuit, participated in this decision as Associate Justice Ad Hoc in place of Justice Pro Tempore Melvin A. Shortess, who was recused.
[1] La. Const. art. V, § 16(A) provides:

(A) Original jurisdiction. Except as otherwise authorized by this constitution, a district court shall have original jurisdiction of all civil and criminal matters. It shall have exclusive original jurisdiction of felony cases and of cases involving title to immovable property; the right to office or other public position; civil or political rights; probate and succession matters; the state, a political corporation, or political subdivisions, or a succession, as a defendant; and the appointment of receivers of liquidators for corporations or partnerships. (emphasis added).
[2] Act 938 provided for an appeal from the hearing officer's decision to an appeals panel within the OWCA, with a right of subsequent appeal to the court of appeal. The administrative appeals panel was eliminated by Act 454 of 1989.
[3] In addition to attacking Act 938 as violative of La. Const. art. V, § 16(A), plaintiffs asserted violations of La. Const. art. II, § 1 (providing for a separation of powers between the legislative, executive and judicial branches); art. V, § 1 (providing that the judicial power is vested in the Supreme Court, Courts of Appeal, District Courts and other courts authorized by the Constitution); art. V, § 22 (providing for election of judges); art. I, § 22 (prohibiting the denial of an adequate remedy without partiality or unreasonable delay); as well as the due process and equal protection clauses of the Louisiana and United States Constitutions.
[4] La. Const. art. 7, § 35 (1921) provided that the district courts had "original jurisdiction in all civil matters".
[5] The history of La. Const. art. V, § 16(A) has been traced by Professor Hargrave:

The committee's working draft, following the lead of the Law Institute Project, would have vested the jurisdiction [of the district courts] `unless otherwise provided in this constitution or by law.' That approach allowed the legislature to divest the district court of any jurisdiction the constitution did not state was exclusive in the district court. The committee, however, did not recommend such broad authority in the legislature, and its initial proposal would have qualified the grant of jurisdiction with language, `[u]nless otherwise provided or authorized in this constitution ...' The later committee proposal condensed the provision to `[u]nless otherwise authorized by this constitution....' It is clear, then, that the legislature can divest the district courts of jurisdiction only if the constitution contains an authorization for it to do so. (emphasis in original, footnotes omitted).
Hargrave, The Judiciary Article of the Louisiana Constitution of 1974, 37 La.L.Rev. 765, 809 (1977).
[6] The fact that La. Const. Art. V, § 16(A) uses the term "matters", rather than "cases", further suggests a broader range of jurisdiction granted to district courts.
[7] See La. Const. art. IV, § 21; art. X, § 12; art. V, § 18; art. V, § 15; and art. V, § 20, in which the constitution itself provides expressly for original jurisdiction over certain claims to be exercised by the Public Service Commission, the Civil Service Commission, the juvenile and family courts, the limited jurisdiction courts, and the justice of the peace courts, respectively.
[8] La. Const. Art. I, § 19 guarantees the right of judicial review.
[9] Worker's compensation was designed to solve the problem confronting a worker who was injured during employment and was not entitled to recover his loss of wages when the employer was not at fault or when proof of the employer's fault under a traditional tort action involved substantial expense and delay and was frequently unsuccessful. W. Malone & H. Johnson, supra, at § 31. The principle behind worker's compensation is that the persons who enjoy the product of a business should bear the costs, including the expense of injury to workers, that are incident to production of those products. Id. at § 32. The compensation scheme is a tradeoff whereby the employee gives up his right to recover full damages and the employer gives up his tort defenses, particularly immunity when not at fault. Id. at § 32.
[10] The Legislature exercises similar control over tort remedies by, for example, denying punitive damages except in specific cases and limiting wrongful death actions to specified categories of beneficiaries, but tort actions are not matters of public law.