KLIEBERT, Judge.
Plaintiffs, Cheryl C. Muth, wife of/and Henry G. Muth, III filed this worker’s compensation and wage recovery action against Ms. Muth’s employer, defendants Mark Burrows and Burrows, Inc., d/b/a World Gym. Defendants excepted to the petition on grounds of prematurity and improper cumulation of actions. The exceptions were granted and plaintiffs’ suit dismissed. Plaintiffs appeal. We affirm.
*502 Defendants base the exception of prematurity on the fact plaintiffs failed to allege the claim was unsuccessfully submitted to the Louisiana Office of Worker’s Compensation for informal resolution as required of LSA-R.S. 23:1311 and 1314; and that the petition is not accompanied by a copy of the requisite Certificate of the Office of Worker’s Compensation as required by LSA-R.S. 23:1301.1 and 1314(B). Plaintiffs argue the recent case of Moore v. Roemer, 567 So.2d 75 (La.1990), which found LSA-R.S. 23:1310.3 A(4) unconstitutional is applicable and thus the case was properly filed in the district court.
The Supreme Court found LSA-R.S. 23:1310.3 A(4) vested in administrative hearing officers the “exclusive jurisdiction” to adjudicate worker’s compensation claims in contravention of La. Constitution Art. V § 16(A).
In anticipation of the administrative hearing provisions being found to be unconstitutional,[1] the legislature enacted the following acts, to become effective on June 15, 1989 upon a final judgment declaring certain administrative hearing officer provisions to be unconstitutional or unenforceable:
Acts 1989, No. 23 — Amendment Contingent Upon Invalidation of Administrative Hearing Officer Provisions

Acts 1989, No. 23, § 1, effective June 15, 1989, amends R.S. 23:1311 by restoring the text of the section as it existed prior to amendment by Acts 1989, No. 938, § 1; as set forth in Act 23, R.S. 23:1311 reads:

“A. If any party rejects the recommendation of the office, the employee or his dependent shall present within sixty days of the receipt of the recommendation or within the period established by R.S. 23:1209, whichever occurs last, a verified petition to the district court which would have jurisdiction in a civil case, to the district court of the parish in which the injury was done or the accident occurred, to any court at the domicile or at the principal place of business of the defendant having jurisdiction of the amount in dispute, or to the district court of the parish in which the injured employee or his dependent is domiciled, at the option of the petitioner.

“B. The verified petition shall set forth:

“(1) The names and addresses of the parties.

“(2) A statement of the time, place, nature, and cause of the injury, or such fairly equivalent information as will put the employer on notice with respect to the identity of the parties.

“(3) The specific compensation benefit which is due but has not been paid or is not being provided.

“(4) A statement that the claim for compensation has been submitted to the office for informal resolution and that such attempt to informally resolve the claim has failed.

“C. The petition shall have attached to it a copy of the office’s certificate that the claim was submitted to the office, that the parties attempted to informally resolve the claim, but that the office’s recommendation was rejected.

Sections 2 and 3 of Acts 1989, No. 23 provide:

“Section 2. Notwithstanding any contrary provision of Act 938 of the 1988 Regular Session or that of any act of the 1989 Regular Session, this Act shall become effective as provided by Section 3 of this Act but the statutory provisions contained herein shall not become effective unless and until the day of the finality of a judgment pursuant to which the worker’s compensation administrative hearing officer provisions of Act 938 of the 1988 Regular Session, including any amendments enacted during the 1989 Regular Session, declaring part or all of Act 938 as amended unconstitutional or otherwise barring its enforcement.3 In the *503 absence of such a judgment, all provisions of this Act are repealed on January 1, 1991.

“Section 3. This Act shall become effective upon signature by the governor or, if not signed by the governor, upon expiration of the time for bills to become law without signature by the governor, as provided in Article III, Section 18 of the Constitution of Louisiana. ”

Acts 1989, No. 23 — Amendment Contingent Upon Invalidation of Administrative Hearing Officer Provisions

Acts 1989, No. 23, § 1, effective June 15, 1989, amends R.S. 23:131 j by restoring the text of the section as it existed prior to amendment by Acts 1988, No. 938, § 1; as set forth in Act 23, R.S. 23:131j reads:

“A. The presentation and filing of the petition under R.S. 23:1311 shall be premature unless it is alleged in the petition that the claim for compensation has been submitted to the office for informal resolution and that such attempt to informally resolve the claim has failed and:

“(1) The employee or dependent is not being or has not been paid, and the employer has refused to pay, the maximum percentage of wages to which the petitioner is entitled under this Chapter; or

“(2) The employee has not been furnished the proper medical attention, or the employer or insurer has not paid for medical attention furnished; or

“(3) The employee has not been furnished copies of the reports of examination made by the employer’s medical practitioners after written request therefor has been made under this Chapter; or

“(1) The employer or insurer has not paid penalties or attorney’s fees to which the employee or his dependent is entitled.

“B. The petition shall be dismissed when the allegations in Subsection A of this Section are denied by the employer and are shown at a time fixed by the court to be without reasonable cause or foundation in fact or if the plaintiff has not presented to the court at or prior to the time of hearing a copy of the certificate of rejection required by R.S. 23:1310.1.

“C. The court shall determine whether the petition is premature and must be dismissed before proceeding with the hearing of the other issues involved with the claim.’’

Sections 2 and 3 of Acts 1989, No. 23 provide:

“Section 2. Notwithstanding any contrary provision of Act 938 of the 1988 Regular Session or that of any act of the 1989 Regular Session, this Act shall become effective as provided by Section 3 of this Act but the statutory provisions contained herein shall not become effective unless and until the day of the finality of a judgment pursuant to which the worker’s compensation administrative hearing officer provisions of Act 938 of the 1988 Regular Session, including any amendments enacted during the 1989 Regular Session, declaring part or all of Act 938 as amended unconstitutional or otherwise barring its enforcement. In the absence of such a judgment, all provisions of this Act are repealed on January 1, 1991.

“Section 3. This Act shall become effective upon signature by the governor or, if not signed by the governor, upon expiration of the time for bills to become law without signature by the governor, as provided in Article III, Section 18 of the Constitution of Louisiana. ”

Since the Supreme Court found the administrative hearing provisions unconstitutional on September 6, 1990, the above cited statutes became effective as of June 15, 1989 and clearly state a petition is premature if it fails to allege the claim was unsuccessfully submitted for informal resolution and fails to have attached to the petition a copy of the office’s certificate that the claim was submitted and the rec *504 ommendation rejected. Therefore, the trial court properly granted the exception of prematurity and dismissed plaintiffs’ petition.
Although our position on the exception of prematurity might render the exception of improper cumulation of action moot, we pass on the question. Under LSA-C. C.P. Article 462, two or more actions by a single plaintiff against a single defendant may be cumulated if:
(1) Each of the actions cumulated is within the jurisdiction of the court and is brought in the proper venue; and
(2) All of the actions cumulated are mutually consistent and employ the same form of procedure.
Except as otherwise provided in Article 3657, inconsistent or mutually exclusive actions may be cumulated in the same judicial demand if pleaded in the alternative.
The two actions sought to be cumulated here do not employ the same form of procedure. Title 23 of the Revised Statutes governs the procedure to be used in worker’s compensation claims, while an action for breach of contract seeking wages due employs an ordinary form of procedure. Thus, the trial court’s dismissal of the action was proper, whether considered from either or both exceptions. Each party to bear his own costs.
AFFIRMED.

. The First Circuit Court of Appeal had declared the provision [R.S. 23:1310.3 A(4) ] unconstitutional in the Moore case, supra.