CIACCIO, Judge.
Plaintiff, Terry L. Richardson, appeals a judgment rendered by the Louisiana Office of Workers’ Compensation, dismissing her worker’s compensation claim against defendants, Woodrow Wilson Construction Company and Liberty Mutual Insurance Company. We affirm.
On January 11, 1989, plaintiff suffered a work related knee injury while in the course and scope of her employment as a construction worker for Woodrow Wilson. Liberty Mutual, Woodrow Wilson’s worker’s compensation insurer, paid plaintiff temporary total disability benefits from January 12, 1989 through March 26, 1989. Plaintiff returned to work on March 27, 1989 at the urging of her treating physician, Dr. John Cazale. After several hours at work, plaintiff’s knee began to swell. She left work and went to see Dr. Cazale who told her to stay off the leg. Liberty Mutual resumed paying plaintiff temporary total benefits on March 28, 1989 and continued to do so through November 28, 1989, even though Dr. Cazale had discharged plaintiff from his care on August 23, 1989 to return to work.
On August 24, 1990, plaintiff consulted with Dr. Henry Evans, Jr., a family practice physician. After examining plaintiff at that time, Dr. Evans opined that plaintiff was still unable to return to work. Plaintiff continued to see Dr. Evans on a weekly basis, undergoing stimulation treatments to her right knee. At the request of defendants, plaintiff was examined by Dr. Gordon Nutik, an orthopedic surgeon, on September 21, 1989. After examining plaintiff’s knee and learning the history of her injury, Dr. Nutik concluded plaintiff was able to return to work as a construction worker at that time.
When plaintiff failed to return to work, the state appointed Dr. James M. Laborde, an orthopedic surgeon, to conduct an independent medical examination of plaintiff. Dr. Laborde examined plaintiff on November 14, 1989 and concluded that she was able to return to her prior employment. Based on the opinions of Doctors Cazale, Nutik and Laborde, Liberty Mutual terminated plaintiff’s worker’s compensation payments on November 28, 1989.
Subsequently, plaintiff filed a disputed claim for compensation with the Louisiana Office of Workers’ Compensation on March 9, 1990. Following a hearing, the hearing officer dismissed plaintiff’s suit, finding that plaintiff was able to return to work, that she was provided all necessary medical treatment and that Liberty Mutual had paid all plaintiff’s medical expenses up to the date of the hearing.
Plaintiff appeals raising two assignments of error.

*160
Assignment of Error No. 1

As her first assignment of error plaintiff contends the judgment of the hearing officer is unconstitutional, arguing that the hearing officer was without authority to hear the merits of plaintiff’s disputed claim based on the Louisiana Supreme Court’s holding in Moore v. Roemer, 567 So.2d 75 (La.1990).
Act 938 of 1988 eliminated the role of the district courts in workers’ compensation litigation and created administrative hearing officers within the Office of Workers’ Compensation Administration (OWCA) to serve the adjudicatory function that district court judges had previously fulfilled. Following a challenge in state court, the Supreme Court on September 6, 1990 rendered its decision in Moore v. Roemer, supra, upholding the decision of the lower appellate court in Moore v. Roemer, 560 So.2d 927 (La.App. 1st Cir.1990), and declared unconstitutional the administrative remedy portion of the worker’s compensation law, as it divested district courts of original jurisdiction over worker’s compensation claims in violation of La. Const, art. V, sec. 16(A). The Supreme Court denied rehearing in the matter on October 4, 1990.
Plaintiff argues that the hearing officer was without power or authority to hear her claim on September 14, 1990 and, therefore, the judgment rendered on September 26, 1990 is null and void.
During the 1990 regular session, the Louisiana legislature passed Act 1098 of 1990, proposing a constitutional amendment that would retroactively and prospectively validate the hearing officer system. Act 1098 states in pertinent part:
Section 3. Be it further resolved that on the official ballot to be used at said election there shall be permitted to vote FOR or AGAINST, to amend the Constitution of Louisiana, which proposition shall read as follows:
To provide that the trial of worker’s compensation cases may be decided by administrative hearing officers, rather than the district court, that appeals from administrative agency decisions on worker’s compensation cases shall be heard by the courts of appeal, and to validate such processes already in operation pursuant to law. (Amends Article V, Sections 10(A) and 16(A)).
The explanation of the proposed amendment that was placed on official ballot and presented to the voters was phrased not solely in terms of amending the jurisdiction of the state courts, but also in terms of legitimating the worker’s compensation system established in 1988. See Louisiana Constitutional Law. John Devlin, 51 La. L.Rev. 295 (1990). The constitutional amendment was approved by the people of Louisiana on October 6, 1990, thus curing the perceived deficiencies of the system. The hearing officer system, according to the amendment, will have been properly in place since January 1, 1990. See Worker’s Compensation. H. Alston Johnson, 51 La. L.Rev. 431 (1990). Accordingly, by virtue of the passage of the constitutional amendment, the hearing officer did have authority to hear the disputed worker’s compensation claim and the judgment rendered on September 26, 1990 is valid.

Assignment of Error No. 2

As her second assignment of error, plaintiff argues the hearing officer erred in refusing to grant a preliminary judgment as provided by R.S. 23:1316.
R.S. 23:1316 specifically provides:
Section 1316. Answer, failure to file; preliminary judgment
If the time fixed for filing the answer has elapsed without any answer having been filed, then upon simple request of the petitioner the hearing officer shall immediately enter a preliminary judgment in favor of the petitioner in accord with the facts set forth in the petition and the provisions of this Chapter providing for payment of such compensation as is claimed to be payable until such time as the hearing of the issues on the merits is fixed by an order of hearing officer at the request of the defendant.
Further, the citation sent to defendants by the Office of Workers’ Compensation specifically states:
*161 You must either do what the claim Form 1008/Petition asks, or, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleadings with the Office of Workers’ Compensation Administration at 1001 North 23rd Street, Baton Rouge, Louisiana 70804.
If you do not do what the petition asks, or if you do not file an answer or legal pleadings within fifteen (15) days of receipt of this citation, a judgment of default may be entered against you without further notice. If you do file an answer or legal pleading within the fifteen (15) days, a hearing will be scheduled; You will be notified of the location, date, and time of the hearing.
The evidence in the record reflects that plaintiff filed her petition with the Office of Workers’ Compensation on March 9, 1990. Defendants received the citation from the Office of Workers’ Compensation on April 2, 1990, as evidenced by the certified mail receipt. Defendants filed their answer in response to plaintiff’s petition on April 17, 1990, within the fifteen (15) day period set forth in the citation.
Therefore, we find that the hearing officer correctly denied plaintiff’s request for a preliminary default that was filed with the Office of Workers’ Compensation on May 29, 1990. This assignment has no merit.
Although not raised as an assignment of error, plaintiff contends in her brief that she should have been awarded supplemental earnings benefits pursuant to R.S. 23:1221(3). We disagree.
After reviewing the testimony and evidence in the record, we find that the hearing officer’s factual finding that plaintiff was able to return to work is supported by the evidence. Dr. Nutik testified that when he examined plaintiff in September of 1989, he concluded that plaintiff’s complaints were not supported by the clinical findings. He testified that plaintiff had sustained a soft tissue injury about the right knee but there was nothing in her medical history to support a finding that she had a dislocated patella. Dr. Nutik found that plaintiff’s right knee had a normal range of motion and that there was no swelling or instability. According to him, plaintiff had a complete resolution of a soft tissue contusion about the right knee and that she could return to work in her former capacity. Dr. Laborde testified that when he examined plaintiff’s knee, he also found she had full range of motion with no instability, fluid on the knee, popping of the knee due to torn cartilage nor crepitus under the petella cap. At that time, Dr. La-borde opined that plaintiff had no physical reason for not returning to work and that there was no permanent impairment of the knee. The deposition of plaintiff’s treating physician, Dr. Cazale, was introduced into evidence at the hearing. In his deposition, Dr. Cazale testified that after he treated plaintiff from the time of her injury in January of 1989 until he discharged her from his care in August, plaintiff’s knee had greatly improved due to physical therapy and the use of a knee brace. He testified that at the time of discharge her right knee had a full range of motion with no indication of pain and that her patella was stable.
It is well settled that an appellate court must give great weight to conclusions and findings made by the trier of fact and that they should not be disturbed unless manisfestly erroneous. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Based on the testimony in the record, we find no manifest error in the hearing officer’s findings that plaintiff was physically able to return to any employment or gainful occupation for wages as of August 23, 1989.
For the above reasons, the judgment of the hearing officer in favor of defendants, Woodrow Wilson Construction Company and Liberty Mutual Insurance Company, dismissing plaintiff’s claim is affirmed.
AFFIRMED.