FOIL, Judge.
Plaintiff, Lakeside Imports, Inc. (Lakeside), appeals from a judgment holding that La.R.S. 51:193 is constitutional and denying its requests for a permanent injunction, a declaratory judgment and an award of attorney’s fees. We affirm.
FACTS
Lakeside is a Louisiana licensed motor vehicle dealer which sells new and used cars and trucks in Jefferson Parish. It also purchases cars and trucks, sells auto parts and accessories, and does service and repair work.
Lakeside wishes to open for business on Sundays, but is prohibited from doing so by law. La.R.S. 51:193 prohibits licensed motor vehicle dealers which are engaged in the sale of new or used cars or trucks from opening on Sunday. Lakeside claims it has lost and continues to lose business by not being able to open on Sunday in order to compete for customers with other businesses which are *892 open on Sunday and offer similar services or merchandise (e.g. parts stores and repair shops).
Lakeside filed this suit against the state of Louisiana, seeking a judgment declaring La. R.S. 51:193 unconstitutional, permanently enjoining any action against it based on a violation of the statute, granting it a preliminary injunction pending a trial on the merits, and awarding it attorney’s fees. Lakeside contends that the statute effects an unconstitutional deprivation of and interferes with its right to open and operate its business on Sundays, a right extended by the state to all other businesses.
Prior to the hearing on Lakeside’s request for a preliminary injunction, the Louisiana Automobile Dealers Association (LADA) filed a petition for intervention and joined the state in resisting Lakeside’s demands. Thereafter, by stipulation, the entire case was tried on the merits. After issuing oral and written reasons for judgment, the trial court rendered judgment dismissing Lakeside’s request for a preliminary injunction as moot, and denying the other relief it requested. Lakeside then took this devolutive appeal.
CONSTITUTIONALITY
On appeal, Lakeside claims that La.R.S. 51:193 is unconstitutional because it violates the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution and Article I, Sections 3 and 4, of the Louisiana Constitution.
Prior to 1986, La.R.S. 51:191-195 prohibited various businesses, including licensed car dealers, from opening on Sunday. However, Louisiana’s statewide comprehensive Sunday Closing Law was repealed by Acts 1986, No. 1. The 1986 act authorized parishes and municipalities to adopt local ordinances prohibiting the opening of certain businesses on Sunday, subject to voter approval. La.R.S. 51:191. The act also amended La.R.S. 51:193 which is now the only statewide Sunday Closing Law. It prohibits licensed motor vehicle dealers who engage in the sale of new or used cars or trucks from opening for any business on Sunday.
Clearly, Sunday Closing Laws are not per se unconstitutional. State legislatures may, within their police powers, enact legislation setting aside a uniform day of rest and restricting sales on that day. To determine the constitutionality of such a statute, we must examine its particular provisions to confirm that the law does not create arbitrary and unreasonable business classifications which have no bearing on the public health and welfare considerations that prompted enactment of Sunday Closing Laws. Unless a statute interferes with the exercise of fundamental personal rights, or is drawn upon inherently suspect distinctions, its constitutionality is presumed. The jurisprudence requires only that the classification challenged be rationally related to a legitimate state interest. Harry’s Hardware, Inc. v. Parsons, 410 So.2d 735, 737 (La.), cert. denied, 459 U.S. 881, 103 S.Ct. 178, 74 L.Ed.2d 145 (1982).
Lakeside asserts that the statute in question violates the due process guarantees of the federal and state constitutions by prohibiting it from using its property to open and operate any lawful business on Sundays. Stated another way, Lakeside contends that the State has no legitimate state objective which is reasonably and rationally advanced by a law which prohibits only licensed motor vehicle dealers from opening for any business on Sundays. Lakeside further argues that the statute violates the equal protection guarantees because it establishes a statutory scheme of discrimination against one class of business which does not advance a legitimate state objective.
We begin our consideration of the constitutionality of the statute by examining the state interests to be furthered by the law and then examining the rationality of the means employed to achieve the state’s ends. The issue is whether the state has a legitimate state interest in requiring all automobile dealerships to be closed on Sunday instead of delegating this decision to the local governments as it did in 1986 with regard to all other businesses. Our review of the record leads us to conclude that the requirement of La.R.S. 51:193 that car dealerships remain *893 closed on Sundays is clearly a reasonable exercise of the state’s police powers.
The record shows that Sunday opening pursuant to a local-option scheme would benefit large metropolitan dealers, like Lakeside, to the detriment of smaller rural dealerships. In order to remain competitive, these smaller dealers would be forced to open on Sunday or face losing business or worse, going out of business.
Clearly, the purchase of an automobile is one of the most important and costly purchases made by the average citizen. The record reveals that most consumers prefer that dealerships be closed on Sunday as it affords them an opportunity to examine and compare the vehicles by themselves. This opportunity encourages consumers to make informed, responsible decisions.
Additionally, if automobile dealerships were open on Sundays, the sales personnel would necessarily have to work an extra day in order to compete and avoid losing a sale and the commission to another person. The law in question provides a forced day of rest for these workers, thereby safeguarding their health and general welfare.
In summary, we agree with the trial court that the state of Louisiana has a legitimate interest in protecting smaller rural dealerships from their larger urban competitors; in providing its citizens with an opportunity to make careful, planned decisions before incurring considerable indebtedness; and in regulating the working hours of its citizens who make a living in car sales. Finally, we find that the statute is a rational means employed to achieve the ends noted above. Again, we agree with the trial court that a local-option scheme would not achieve the same result because the automobile industry is regional in nature. As soon as one locality allowed its dealerships to open on Sundays, neighboring localities would be forced to do the same. We conclude that La.R.S. 51:193 is constitutional in that it is a legitimate exercise of the state’s power to regulate the automobile industry, its customers and employees.
Because of our holding on the issue of the statute’s constitutionality, we need not address the merits of Lakeside’s request for injunctive relief and an award of attorney’s fees.
For these reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to appellant, Lakeside Imports, Inc.
AFFIRMED.