639 So.2d 253 (1994)
LAKESIDE IMPORTS, INC.
v.
STATE of Louisiana.
No. 94-C-0191.
Supreme Court of Louisiana.
July 5, 1994.
*254 Ralph Everett Hood, Kizer, Hood & Morgan, for applicant.
Richard P. Ieyoub, Atty. Gen., Roy Achille Mongrue, Jr., La. Dept. of Justice, John C. Adcock, Brook, Morial, Cassibry & Pizza, for respondent.
MELVIN A. SHORTESS, Justice Pro Tem.[*]
Lakeside Imports, Inc. (plaintiff), a motor vehicle dealer licensed by the State of Louisiana to engage in the sale of new and used cars and trucks, sued the State of Louisiana seeking declaratory and injunctive relief from the application of LSA-R.S. 51:193. The Louisiana Auto Dealers Association intervened in the suit, uniting with the State in defense of the suit. Plaintiff contends R.S. 51:193 is unconstitutional because the statute violates its right to equal protection, deprives it of a property right without due process of *255 law, and is a "special" law enacted without compliance with the requirements of Article III, Section 13, of the Louisiana Constitution. The trial court dismissed plaintiff's suit, and the court of appeal affirmed that dismissal. 634 So.2d 891 We granted certiorari to address the issue of the constitutionality of this statute.
The statute in question, LSA-R.S. 51:193, provides as follows:
No motor vehicle dealer licensed pursuant to Title 32 of the Louisiana Revised Statutes of 1950 who is engaged in the sale of new or used cars or trucks may be open on Sunday.
The statute is one of the last vestiges of the statewide mandatory Sunday closing laws which have existed in various forms in this state since 1886. Act 1 of 1986 amended and reenacted R.S. 51:191, 192, and 193, and repealed R.S. 51:194 and 195. The Act effectively repealed all other statewide Sunday closing laws contained in Title 51 but allowed the governing authority of any parish or municipality to adopt ordinances regulating Sunday sales.[1]
Plaintiff is an automobile dealership in Jefferson Parish. It seeks the right to open its entire operation (service and parts departments as well as new and used car sales) on Sundays. Plaintiff's owner, Tony Gullo, also owns several dealerships in Texas, including one in Houston which is open on Sundays. Keith Hanks, plaintiff's vice president and general manager, stated the main reason he wants to open on Sunday is to make shopping more convenient for the customer. Hanks admitted, however, that plaintiff has some "selfish motives" in wanting to open on Sundays; it wants to gain a competitive advantage.
Plaintiff faces a heavy burden of proof in this case. Statutes are presumed to be valid, and the burden of proving that an act is unconstitutional is upon the party attacking the act. Moore v. Roemer, 567 So.2d 75, 78 (La.1990). Unless fundamental rights, privileges, and immunities are involved, the presumption that the statute is constitutional is strong, and the party attacking the statute has the burden of proving unconstitutionality by clear and convincing evidence. Ex rel. the Minor Child, J.M., 590 So.2d 565, 572 (La. 1991); Board of Directors v. All Taxpayers, 529 So.2d 384, 387-388 (La.1988).
Plaintiff contends, however, that R.S. 51:193 deprives him of a "fundamental right"his property right to pursue his lawful trade without substantial government interference. In Banjavich v. Louisiana Licensing Board for Marine Divers, 237 La. 467, 111 So.2d 505 (1959), this court held that pursuit of a legal occupation is a property right. 237 La. at 485, 111 So.2d at 511. The Banjavich court stated that "to deprive a person of his right to pursue his chosen calling deprives him of his liberty, and to prevent his continuing in a lawful business or pursuit in which he is already engaged deprives him of his property...." 237 La. 467, 111 So.2d at 512, quoting State v. Chisesi, 187 La. 675, 175 So. 453, 457 (1937).
Plaintiff relies on Banjavich and West v. Town of Winnsboro, 252 La. 605, 211 So.2d 665 (La.1967), in which we expanded the concept of property rights to include "any civil right of a pecuniary nature," which includes "the right to pursue employment or to conduct a business." 252 La. at 618, 211 So.2d at 670. We held in West that the constitutional protection of property rights extends to "any substantial interference produced by unconstitutional legislation." Id.
In order to prove deprivation of a fundamental right, a plaintiff has to prove substantial interference with his right to conduct his business and earn a living. Here plaintiff clearly is not being deprived of his right to engage in the sale of new and used cars and trucks and has produced no evidence it has suffered a pecuniary loss by being forced to close on Sunday.[2] When *256 questioned regarding whether more cars could be sold if dealers were open on Sunday, Hanks stated the number of cars sold in the state is "probably a fixed figure...." When asked to articulate how much business plaintiff had lost in sales of parts and service because of the Sunday closing law, Hanks replied, "Ask me in six months." Because plaintiff has failed to prove substantial interference with its business, it has failed to prove deprivation of a fundamental right.
Sunday closing laws are not per se unconstitutional. McGowan v. State of Maryland, 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961); Harry's Hardware v. Parsons, 410 So.2d 735, 737 (La.), cert. denied, 459 U.S. 881, 103 S.Ct. 178, 74 L.Ed.2d 145 (1982). An individual's right to dispose of private property is subject to reasonable statutory restrictions and the reasonable exercise of the police power. La. Const. art. I, § 4. When a statute does not interfere with fundamental personal rights or draw upon inherently suspect distinctions such as race or religion, the jurisprudence requires only that the classification challenged be rationally related to a legitimate state interest. City of New Orleans v. Dukes, 427 U.S. 297, 301-305, 96 S.Ct. 2513, 2516-2517, 49 L.Ed.2d 511 (1976); Harry's Hardware, 410 So.2d at 737.
LSA-R.S. 51:193 is purely economic legislation. Thus, to determine whether it passes constitutional muster under the due process clause, we must determine whether the challenged statute bears any rational relationship to a legitimate state objective. The preamble to Act 1 of 1986 provides no guidance as to the purpose of the statute. LSA-R.S. 51:194(C), the former statute setting forth the purpose of the Sunday closing laws (which also contained authorization for injunctive relief for violation of the laws), was repealed by Act 1. However, we are aided in ascertaining legitimate state objectives for this statute by the testimony of the State's witnesses.
The State presented the testimony of four auto dealers. The parties stipulated that if five additional dealers testified, their testimony regarding the economic reasons for the Sunday closing law would be the same as the first four. These dealers stated (and even the plaintiff's witnesses agreed) there are only a finite number of cars to be sold; automobiles generally are not impulse purchases. While Sunday car purchasing might be more convenient for the working consumer, a dealer's overhead would increase if it were open seven days per week.[3] A large metropolitan dealer with a heavy sales volume could absorb the increased overhead or pass it on to the consumer. Because it can sell more cars, the large dealer can spread the increased overhead costs over a large number of consumers. A small dealer, on the other hand, could be forced either to charge higher prices than its big-city competitors (which may result in loss of business) or to try to absorb the increased overhead. The defense witnesses testified this would cause some low-volume dealers to close their doors.
The witnesses also addressed the issue of whether a local option law would be feasible or whether a small dealer could simply refuse to open on Sundays. The consensus was that because of the competitive regional nature of the automobile business, if one dealer in a region were open, all dealers in that area would feel compelled to open. Additionally, if one parish passed a law permitting Sunday sales of automobiles, neighboring parishes in the region would pass similar laws so as not to lose tax dollars.
Another rationale for the law is to protect the welfare of automobile salesmen. Hanks testified plaintiff's salesmen work 60 to 70 hours per week. They are compensated strictly by commissions. Defendant's witnesses, all of whom started in the auto business as salesmen, testified that because of the competitive nature of automobile sales, salesmen will probably be forced to work Sundays because "if the doors are open the salesmen are going to want to be there." Hanks speculated the salesmen would probably *257 not work one weekday each week if they worked Sundays. However, this possibility is belied by Hanks' testimony that plaintiff's salesmen work 60 to 70 hours per week even though 90% of their sales are on Saturdays or after 6:00 p.m. on weekdays.
The State has proven at least three legitimate state objectives in requiring auto dealers to close on Sundays: 1) to protect small rural dealerships from unfair competition by large metropolitan dealerships, 2) to protect consumers from higher prices for automobiles brought on by higher overhead from Sunday sales, and 3) to protect the welfare of commissioned auto salesmen. Plaintiff has failed to show by clear and convincing evidence that R.S. 51:193 does not bear a rational relationship to these objectives. To the contrary, the State has shown that the statute does serve its intended purposes.
Plaintiff contends that even if this statute does not violate the due process clause, it is an unconstitutional deprivation of federal and state equal protection guarantees. When an economic regulation is challenged as violating the equal protection clause, this court may not sit as a super-legislature to judge the wisdom or desirability of legislative policy determinations made in areas that neither affect fundamental rights nor proceed along suspect lines. In the local economic sphere, it is only the invidious discrimination, the wholly arbitrary act, which cannot stand consistently with the Fourteenth Amendment. City of New Orleans v. Dukes, 427 U.S. 297, 303-305, 96 S.Ct. 2513, 2517, 49 L.Ed.2d 511 (1976); State ex rel. Guste v. K-mart Corp., 462 So.2d 616, 618-619 (La.1985).
Plaintiff contends that the statute arbitrarily discriminates against licensed dealers of new and used cars and trucks because other businesses can sell motor vehicles and auto parts and services on Sundays. The only evidence adduced at trial in support of this contention was Hanks' unsupported statement that unlicensed persons can sell cars on Sundays. Plaintiff gives as an example of this alleged discrimination that a service station can open and sell motor vehicles on Sunday while licensed motor vehicle dealers cannot.[4] Plaintiff's reliance on this example is misplaced. All business in Louisiana which engage in the sale of new or used cars or trucks must be licensed. LSA-R.S. 32:1252(14); LSA-R.S. 32:773(A)(1); LSA-R.S. 32:774(A).[5]
Plaintiff also contends arbitrary discrimination is shown because auto body shops, auto parts stores, and department stores with auto service centers are permitted to open for business on Sundays. Hanks admitted that the Toyota-manufactured parts he sells cannot be purchased at an auto parts store. Thus, he is not competing with auto parts dealers for those sales. He also admitted that much of his service is warranty work which cannot be done by a department store auto service center.
Hanks stated initially that it would not be economically feasible to open plaintiff's parts and service departments on Sundays and that if R.S. 51:193 is struck down, plaintiff would open only its new car sales department. On rebuttal, Hanks recanted his statement that plaintiff would not open the parts department on Sundays if permitted to do so. He testified plaintiff has a 1,200-square-foot retail parts center with approximately $50,000.00 in inventory. This center, which is stocked with non-Toyota parts, is available for self service. The nature of that operation, he testified, is in direct competition with auto parts dealers. While the law would not prohibit him from opening this parts center on Sunday as a separate business, he stated he had never considered that option.
We find plaintiff has failed to prove that R.S. 51:193 invidiously discriminates or is *258 wholly arbitrary. The entire class of persons engaged in the business of selling new and used cars and trucks is affected by the law. Furthermore, plaintiff has produced no evidence that it is losing any business to auto parts stores. Hanks testified generally that Lakeside sells "a lot of similar parts" to those sold by auto parts dealers but could give no specifics as to how much business, if any, was lost by being closed on Sundays.
Finally, plaintiff contends R.S. 51:193 is a "special" law which was enacted without compliance with the requirements of Article III, Section 13, of the Louisiana Constitution. The term "special" is not defined in the constitution but has been defined jurisprudentially. It is used in contradistinction to the term "general." Polk v. Edwards, 626 So.2d 1128, 1133 (La.1993). A statute is general and not special if it operates on a subject in which the people at large are interested and affects people throughout the state, even if some only indirectly. Polk, 626 So.2d at 1135. A law is considered special if it affects only a portion of the citizens or is restricted in its operations to persons or places which do not comprise all the objects or persons which naturally belong to the class. State v. Clement, 188 La. 923, 178 So. 493, 496-497 (1928).
LSA-R.S. 51:193 affects people throughout the state, including all members of the class of licensed dealers of new and used cars and trucks. We thus find no merit in plaintiff's contention that this statute is a special law to which the notice requirements of Article III, Section 13, are applicable.
For the foregoing reasons, the judgments of the trial court and the court of appeal are affirmed at plaintiff's cost.
AFFIRMED.
NOTES
[*] Judge Melvin A. Shortess, Court of Appeal, First Circuit, sitting in place of Justice James L. Dennis.

Ortique, J., not on panel. Rule IV, Part 2, § 3.
[1] Banks in Louisiana are still required to close on Sundays. LSA-R.S. 1:55.
[2] The challenged statute in Banjavich "effectually put plaintiffs out of business." 237 La. 467, 481, 111 So.2d 505, 510. In West, the Town of Winnsboro enacted an ordinance which forced large grocery stores to close on Sundays while allowing competing small stores to remain open. The plaintiff introduced evidence that before the ordinance was passed it earned $500.00 in profits each Sunday.
[3] Although plaintiff's witnesses testified the only additional overhead would be the salary of a switchboard operator to answer the telephone for a few hours on Sundays, the State's witnesses pointed out there would need to be increased support personnel, particularly if the parts and service departments were open, additional advertising costs, and increased utility bills.
[4] This example was cited by the Georgia Supreme Court in Rutledge v. Gaylord's, Inc., 233 Ga. 694, 697, 213 S.E.2d 626, 629 (1975), which declared unconstitutional portions of Georgia's Common Day of Rest Act.
[5] There are certain limited exceptions to the licensing law. For example, a consumer may sell his personal automobile on a Sunday. None of the exceptions, however, apply to persons engaged in the business of selling new and used cars and trucks.