Dear Representative Montgomery:
This office is in receipt of your request for an opinion of the Attorney General in regard to Act 1062 of 1995 relative to requiring pawn shops to be closed on Sunday. You question the constitutionality of this provisions feeling since other stores can be open on Sundays this unfairly impacts this type of business.
Pursuant to Act 1062 R.S. 37:1790 provides as follows:
 A. A pawnshop shall neither open his place of business before the hours of 7:00 a.m. nor keep it open after the hour of 9:00 p.m., except in the month of December, during which time the hour of 9:00 p.m. shall be extended to 10:00 p.m.
 B. No pawnbroker may keep his pawnshop open Sunday except during the period beginning on the fourth Thursday of November and ending on January first.
First we note that statutes are presumed constitutional and a plaintiff claiming unconstitutionality of the statute under a Sunday Closing Law has the burden of proving substantial interference with his right to conduct his business.
In answering your inquiry we will place reliance upon the decision of the Louisiana Supreme Court in Lakeside Imports,Inc. v. State, 639 So.2d 253 (La. 1994) wherein the plaintiff, a motor vehicle dealer, contended R.S. 51:193 was unconstitutional wherein it prohibited dealerships of new or used cars to be open on Sundays. The court observed when a statute does not interfere with fundamental personal rights or draw upon inherently suspect distinctions as race or religion, jurisprudence requires only that the classification be rationally related to a legitimate state interest. It was stated that with a claim of denial of equal protection, the court may not sit as a superlegislature to judge the wisdom or desirability of the legislative policy determinations made in areas that neither affect fundamental rights nor proceed along suspect lines. "In the local economic sphere it is only the invidious discrimination, the wholly arbitrary act, which cannot stand consistently with the Fourteenth Amendment." Finding the entire class of persons engaged in the business of selling new and used cars and trucks were affected by the law, the court held the plaintiff failed to prove the statute invidiously discriminated or was wholly arbitrary. It was concluded Sunday Closing Laws affecting motor vehicle dealers did not violate equal protection absent evidence that affected dealers directly competed with unaffected persons.
Similarly, in State ex rel Guste v. K-Mart Corp.,462 So.2d 616 (La. 1985), the court held if suspect classifications as race or religion are not involved then statutory means need only be rationally related to a legitimate statutory end, and States are accorded wide latitude in the regulation of their local economies under their police power. It was found there was no indication that the statute purported to do anything other than provide a day of rest.
On the basis that pawnshops are forced to close while other unrelated businesses are permitted to be open, we cannot conclude that the statute is unconstitutional. We find no suspect classification in the statute, and the entire class of persons engaged as pawn brokers are affected by the law.
We will not attempt to ascertain whether the provision is rationally related to a legitimate state interest for the burden would be on the plaintiff to establish that the provision was arbitrary and not rationally related to a legitimate state objective and this would be a question of fact.
We hope this sufficiently answers your inquiry but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: ___________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR