liCOOKS, Judge,
dissenting:
Defendants assert legislatively mandating the city and municipal courts to collect funds for distribution to SNAP violates Section 14(A) of the Louisiana Constitution because SNAP is a nonprofit corporation.
The party challenging the constitutionality of a statute has the burden of proving it is unconstitutional. Moore v. Roemer, 567 So.2d 75 (La.1990). The Legislature may exercise any power that is not specifically denied by the Constitution. Therefore, the party attacking a statute must show the specific provision of the Constitution that clearly prohibits the legislative action. Id. The challenger must also prove by clear and convincing evidence that it was the “constitutional aim to deny the Legislature the power to enact the statute.” Board of Directors of Louisiana Recovery Dist. v. All Taxpayers, Property Owners, and Citizens of the State of Louisiana, 529 So.2d 384 (La.1988). Moreover, a statute shall be construed so as to preserve its constitutionality when it can reasonably be 12done. State v. Newton, 328 So.2d 110 (La.1976).
Section 14(B) permits the use of public funds to aid and support the needy. Section 14(C) of the Louisiana Constitution gives the state the authority to engage in cooperative endeavors with private corporations for a public purpose. La.R.S. 13:1906 clearly fits within the constitutional exceptions because it concerns a cooperative endeavor between the state and a private agency to aid and support the needy; in this ease, victims of family violence.
The Legislature expressed its intent to reduce serious and fatal injuries to victims of family violence and to provide shelters, counseling and assistance in La.R.S. 46:2121. To facilitate the execution of these goals, the Legislature authorized the executive director of the office of women’s services housed in the governor’s office to contract with public and private agencies to develop community shelters. See La.R.S. 46:2122 & 46:2124. Accordingly, the State of Louisiana contracted with SNAP to provide assistance and counseling to victims of family violence in need of supportive services. SNAP provides, among other services, a safe haven and temporary lodging for victims of family violence and their children, psychological support and counseling, and assistance in obtaining access to civil and criminal courts. Funds collected by the civil and criminal courts in New Iberia and Jeanerette and the municipal courts of Delcambre and Loreauville as mandated in La.R.S. 13:1906 is one source of funding for SNAP’s services.
I am satisfied La.R.S. 13:1906 does not offend La. Const. Art. 7 § 14(A) because the services provided by SNAP pursuant to its contract with the State fall within the exceptions referenced above. The majority appar *156 ently does not disagree that the legislature possesses authority to appropriate funds and the State may contract with SNAP to provide services that benefit social welfare and the needy. ^Instead, the majority quibbles over the legislature’s authority to force the judicial branch of government to collects and distribute funds to SNAP. This, they contend, is the crux of the issue. Citing La. Const, art. 5, they conclude the “judicial function does not include the collection of fines and costs for the purpose of facilitating the objectives of these organizations, no matter how noble their purpose.” The majority’s effort to jealously guard the judiciary’s right to be separate and independent, though noble as well, is baloney.