IxLOTTINGER, Chief Judge,
dissenting.
I respectfully dissent.
To the extent that the majority upholds the constitutionality of La.R.S. 15:1171 as it limits the rights of an inmate to the recovery of monetary damages for personal injuries, the majority is in error.
Simply stated, the Corrections Administrative Remedy Procedure Act, La.R.S. 15:1171-1177, divests the district courts of their constitutional original jurisdiction to hear complaints relating to personal injury in the fust instance. La. Const, art. V, § 16(A).
In an attempt to support its position, the majority compares the Corrections Administrative Remedy Procedure Act to the Medical Malpractice Act, La.R.S. 40:1299.41-1299.48, wherein a review panel, La.R.S. *145 40:1299.47, unless waived must review each malpractice claim before suit can be filed. The majority failed to recognize that the Medical Malpractice Act does not divest the district courts of their original jurisdiction.
The majority also attempts to distinguish Moore v. Roemer, 567 So.2d 75 (La.1990) because in Moore, the district courts “were completely divested of all jurisdiction over worker’s compensation cases,” whereas here we are only speaking of original jurisdiction. Truly, this is a distinction without a difference. The holding of Moore is not softened by the fact that under the Corrections Administrative Remedy Procedure Act the district court sits as a court of review under the procedure provided in La.R.S. 49:964. La. R.S. 15:1177. Under R.S. 49:964 “[t]he review shall be conducted by the court without a jury and shall be confined to the record.” Thus Lit is clear that the Corrections Administrative Remedy Procedure Act divests the district court of its original jurisdiction to hear the complaint in the first instance. As such and to the extent that La.R.S. 15:1171 divests the district courts of their original jurisdiction to hear complaints of inmates as they pertain to the recovery of monetary damages for personal injuries, the statute is unconstitutional.