579 So.2d 1226 (1991)
Michael CONNOR, Plaintiff-Appellant,
v.
NAYLOR INDUSTRIAL SERVICES, et al., Defendants-Appellees.
No. 89-1354.
Court of Appeal of Louisiana, Third Circuit.
May 22, 1991.
Baggett, McCall & Burgess, Rebecca Young, Lake Charles, for plaintiff-appellant.
Allen & Gooch, Marjorie G. O'Connor, Lafayette, for defendants-appellees.
Before DOMENGEAUX, C.J., and GUIDRY and LABORDE, JJ.
*1227 LABORDE, Judge.
This is an appeal from a dismissal of a case on an exception of no cause of action. We reverse.
On July 25, 1988, plaintiff, Michael Connor, brought suit against his employer, Naylor Industrial Services (Naylor), and its insurer, National Union & Fire Insurance Company, seeking worker's compensation benefits, medical expenses, penalties, attorney's fees and legal interest for alleged total permanent disability attributed to a hearing loss. The employer and its insurer answered the petition denying that they were liable for benefits. Subsequently, on January 23, 1989, plaintiff filed a supplemental and amending petition seeking tort damages for the alleged negligence of Naylor. Defendants filed an exception of no cause of action on July 20, 1989, contending that plaintiff's petition failed to state a cause of action insofar as it sought tort damages. On September 29, 1989, the trial court ruled that plaintiff's tort claim was barred by the exclusive remedy of worker's compensation although plaintiff was not entitled to benefits thereunder. Accordingly, it rendered judgment dismissing plaintiff's demands.
On appeal, plaintiff contends that the trial court erred in finding that he had no cause of action in tort for the gradual hearing loss he sustained while employed by Naylor as a heavy equipment operator. Plaintiff argues that because his gradual on-the-job hearing loss is not compensable under LSA-R.S. 23:1221(4)(p) of the Worker's Compensation Act, which only covers permanent hearing loss when attributable to a single traumatic accident, he is afforded no remedy under the Act and should, therefore, be able to proceed against his employer in tort.
We agree that plaintiff's claim for benefits does not meet the requirements specifically set out in 23:1221(4)(p) and that plaintiff's injury is not compensable under the Act. Under these circumstances, we find that plaintiff is entitled to proceed against his employer in tort. We reach this conclusion based upon the Supreme Court decision of Spillman v. South Central Bell Telephone Company, 518 So.2d 994 (La.1988). That case concerns the appropriateness of a motion for summary judgment, but the language it contains is equally applicable to the instant case. The Supreme Court, in a short per curiam, stated:
"The court of appeal affirmed the judgment of the trial court granting defendant's motion for summary judgment because it held that a mental disorder caused by job-related stress, unaccompanied by a physical injury, is not compensable under the Worker's Compensation Act.
Without deciding whether this type of injury is compensable under the Act, we reverse.
If this type of injury is compensable under the Act, then the summary judgment was improper. If this type of injury is not compensable under the Act because it does not fit into the Act's definition of an injury, then the employer would not have tort immunity. Therefore, it may be possible for the plaintiff to state a cause of action in tort. Accordingly, the court of appeal's judgment affirming the granting of the summary judgment is reversed and the case is remanded to the district court for further proceedings." (Emphasis added.)
Thus, according to Spillman, if an injury is not compensable under the Worker's Compensation Act because it does not fit into the Act's definition of an injury, as is the case in the instant suit, the employer does not have tort immunity and the plaintiff may be able to state a cause of action in tort.
For the foregoing reasons, the judgment of the trial court sustaining defendants' exception of no cause of action is reversed and the case is remanded to the district court for further proceedings, including the right of plaintiff to amend his petition if necessary, as provided by our procedural law.
REVERSED AND REMANDED.