667 So.2d 1117 (1995)
Gioacchino VOTANO
v.
TULANE AND BROAD EXXON, INC.
No. 95-CA-1064.
Court of Appeal of Louisiana, Fourth Circuit.
November 30, 1995.
Rehearing Denied February 22, 1996.
*1118 Robert H. Belknap, New Orleans, for Plaintiff/Appellant.
Lisa A. Montgomery, Janice M. Culotta, Dorian Lobman, Lobman, Carnahan and Batt, Metairie, for Defendant/Appellee.
Before CIACCIO, LOBRANO and JONES, JJ.
CIACCIO, Judge.
Plaintiff, Gioacchino Votano, appeals from a judgment of the Office of Workers' Compensation, dismissing his claim for worker's compensation against his employer, Tulane and Broad Exxon, and its insurer, United States Fire Insurance Company. The issue presented by this appeal is whether plaintiff has met the burden of proof required of heart attack claimants seeking worker's compensation benefits as specified in LSA-R.S. 23:1021(7)(e).
Plaintiff had owned and operated the Tulane and Broad Exxon gas station since 1972. On January 23, 1990, he suffered a heart attack while in the course and scope of his employment when he lifted a case of motor oil to place it in a truck. Plaintiff filed a claim for worker's compensation and medical benefits, arguing his injury was compensable under the Worker's Compensation Law, LSA-R.S. 23:1021 et seq. Following a hearing, the hearing officer found plaintiff's claim was not compensable under LSA-R.S. 23:1021(7)(e) and dismissed his claim.
In 1989, the Louisiana Legislature amended LSA-R.S. 23:1021 of the Worker's Compensation Law, effective January 1, 1990, by adding Subparagraph (7)(e), which provides:
(e) Heart-related or perivascular injuries. A heart-related or perivascular injury, illness, or death shall not be considered a personal injury by accident arising out of and in the course of employment and is not compensable pursuant to this Chapter unless it is demonstrated by clear and convincing evidence that:
(i) The physical work stress was extraordinary and unusual in comparison to the stress or exertion experienced by the average employee in that occupation, and

(ii) The physical work stress or exertion, and not some other source of stress or preexisting condition, was the predominant and major cause of the heart-related or perivascular injury, illness, or death. (Emphasis added.)
The amended statute was in effect on the date plaintiff suffered his heart attack and, therefore, is the applicable law in the case. This statute makes it more difficult for a claimant to prove that heart-related and perivascular injuries suffered on the job are compensable. The amended statute changed the law in three respects. First, it heightened the burden of proof the claimant must show from a preponderance of the evidence to clear and convincing evidence. Second, it changed the standard that the claimant's physical work stress must be compared to, requiring his or her physical work stress to be extraordinary and unusual when compared to the physical work stress of the average employee in that occupation. Third, it heightened the required causal link between that work stress and the heart injury *1119 by requiring the physical work stress to be the predominant and major cause of the heart-related or perivascular injury.
The Louisiana Supreme Court's most recent interpretation of the 1989 amended statute was in Harold v. La Belle Maison Apartments, 94-0889 (La. 10/17/94); 643 So.2d 752. In Harold, the plaintiff filed a worker's compensation claim against her employer, La Belle Maison Apartments, to recover disability benefits and medical expenses related to a heart attack she suffered while employed as a maintenance worker. At the time of her injury, Harold was doing yard work on the apartment complex grounds when she experienced severe chest and back pains. She stopped working and walked to the apartment building office where she went to the bathroom to wet her face. Upon leaving the bathroom, she encountered her supervisor who instructed her to sit in the air conditioned office for a few minutes. Ten minutes later the supervisor instructed a security guard to bring a work order to Harold. Harold resumed working, fixing a dishwasher and toilet in one of the units. While working she continued to have chest and stomach pains. After completing the work order she returned to her apartment in the complex where she collapsed. She was taken to the emergency room of a nearby hospital where she was diagnosed with coronary artery disease and later underwent quadruple aortocoronary bypass surgery.
After a trial on the merits, the hearing officer denied compensation and dismissed Harold's claim, finding that she had failed to meet the burden of proof required of heart attack claimants as provided in the recently amended LSA-R.S. 23:1021(7)(e). Harold appealed the dismissal, and the court of appeal affirmed.
The Supreme Court reversed and remanded the case to the appellate court for a determination of the extent of plaintiff's injury and the amount of compensation due. In interpreting the statute and finding plaintiff had satisfied her burden of proof, the Court stated:
The first prong of the amended statute requires plaintiff to prove by clear and convincing evidence that the physical work stress she experienced was extraordinary and unusual in comparison to the stress or exertion experienced by the average employee in that occupation. La. R.S. 23:1021(7)(e)(i). "Extraordinary" is defined as "going beyond what is unusual, regular, or customary." Webster's New Collegiate Dictionary (1977). "Unusual" is defined as "not usual" and "uncommon;" that is, not in accordance with usage, custom, or habit. Id. As is apparent from these definitions, the terms "extraordinary" and "unusual" have similar meanings. We hold that these terms require plaintiff to prove that her physical work stress went beyond what was usual, regular or customary in relation to the average employee in that occupation.
* * * * * *
The second prong of the amended statute requires Harold [claimant] to prove by clear and convincing evidence that her physical work stress or exertion, and not some other source of stress or preexisting condition, was the predominant and major cause of her myocardial infarction. La. R.S. 23:1021(7)(e)(ii).
* * * * * *
[W]e hold that La.R.S. 23:1021(7)(e) must not be construed to preclude recovery of worker's compensation benefits simply because the claimant suffers from previously unknown but undoubtedly existent coronary artery disease. As long as such a claimant meets the heightened burden of proof imposed by the amended statute, he or she can recover. In the instant case, Harold has proven by clear and convincing evidence that the continuation of physical labor at the mandate of her employer after the onset of pain, combined with the resultant delay in receiving medical treatment, was the predominant and major cause of the severe damage to her heart. Id. at 755-757.
In the instant case, plaintiff testified at the hearing that at the time of his injury he was 55 years old and had smoked an average of one to three packs of cigarettes per day. Plaintiff testified he purchased the service station in 1972 and worked very long *1120 hours until he suffered his heart attack. According to plaintiff, he often worked as many as twenty hours per day, seven days a week. He testified that under the terms of his contract with Exxon he was required to keep the station opened 24 hours each day. Because gasoline sales were sparse at night, plaintiff did not think it was economically feasible to hire another full time employee. Plaintiff testified that he was not only responsible for the station's daily operations, selling gas and keeping the records, but he also was the mechanic on duty, repairing and servicing automobiles. Due to the long hours and heavy work load, plaintiff claimed he had no regular break schedule or lunchtime. As a result, he stated he usually ate fast food and junk food.
The deposition of plaintiff's treating physician, Dr. William B. Smith, was perpetuated for trial. Dr. Smith testified that plaintiff suffered an acute myocardial infarction, a heart attack. He further testified that plaintiff's heart attack was complicated because plaintiff simultaneously experienced cardiogenic shock, or inadequate blood supply, and a heart block, meaning the top part of plaintiff's heart was beating independently of the bottom part. When asked to render a professional opinion as to what caused plaintiff's heart attack, Dr. Smith stated:
I think it was caused by blockage in his coronary arteries. His subsequent angiogram showed disease in his left anterior descending [artery] an eighty percent lesion at least as well as a dilated vessel. He had a ninety-nine percent lesion in a large marginal vessel or branch or the circumflex. He had ninety-nine percent lesion in his right coronary, which means that he had a disease in a large first marginal branch, which means that basically the whole heart's blood supply was in jeopardy; that of the three major vessels, some of the major branches were already significantly occluded.
Dr. Smith testified that although plaintiff had no history of a preexisting heart condition, his heart disease and resultant blockages occurred gradually over many years. According to Dr. Smith, he was not surprised that plaintiff had had a heart attack, as he was a prime candidate for one and eventually he would have suffered an attack absent any special event, activity, or sudden burst of energy.
The deposition of Dr. John A. Phillips, Jr. was also perpetuated for trial purposes. Dr. Phillips, an expert cardiologist, testified that he did not treat plaintiff but he had reviewed his medical records. His review of plaintiff's medical records indicated that plaintiff had several factors causing him to be at high risk for a heart attack. These factors included middle age; male gender; a positive family history; elevated blood sugars, indicating a propensity to develop diabetes; and, a significantly long term smoking habit. When asked whether he believed there was a causal relationship between plaintiff's employment and the heart attack he had sustained, Dr. Phillips stated, "[a]gain, there is no way to be certain, but I don't believe there is, I don't think there is evidence for that."
The findings of fact of a hearing officer are subject to the manifestly erroneous standard of review. Charles v. Travelers Insurance Company, 627 So.2d 1366 (La. 1993). A reviewing court must review the record in its entirety to determine whether the trial court's finding was clearly wrong or manifestly erroneous. Rosell v. ESCO, 549 So.2d 840 (La.1989).
In the instant case, the hearing officer, in dismissing plaintiff's claim, stated:
I think that under the pre-1990 law, he would certainly probably be entitled to worker's compensation, but I'm afraid here that even under the Johnson case, he has not been able to meet the standard in order for the court to find that the heart attack is a compensable injury.
Primarily, what the claimant is arguing, and I think it's a smart one, is that he's not really looking at the particular event, the picking up of the case of oil as the cause. He is looking primarily at many years at the job, of working long hours, not moving around a lot much, eating on the go, eating junk food. And as a result of this hard work which that job called for and the style, working style, lifestyle that entailed from that type of work, that caused the *1121 heart attack. So that the work over a period of time has caused it.
Our review of the testimony of plaintiff's treating physician, Dr. Smith, the testimony of Dr. Phillips and the other evidence in the record, reveals the hearing officer's factual findings were indeed reasonable based on the evidence, and therefore, not clearly wrong. Consequently, we find plaintiff failed to meet his burden of proof under LSA-R.S. 23:1021(7)(e).
In his supplemental brief filed on appeal, plaintiff argues that his employment related responsibilities and stressful working conditions over a period of eighteen years was comparable to those of the claimant in Harold v. La Belle Maison Apartments, supra, and, likewise, satisfies his burden of proving that the physical work stress he experienced was extraordinary and went beyond what was usual, regular or customary in relation to the average employee in that occupation. We disagree. Although there was ample evidence which indicated plaintiff's employment duties and working conditions contributed to his heart condition, we note that plaintiff admitted at trial that he made the decision not to hire additional employees for the station. Unlike the claimant in Harold, plaintiff was self-employed and assumed full responsibility for the station's operations himself, choosing to work long hours.
Accordingly, for the foregoing reasons, the judgment of the hearing officer denying plaintiff's claims for workers' compensation benefits is affirmed.
AFFIRMED.
JONES, J., dissents.