LeBLANC, Judge.
This appeal is from a trial court judgment sustaining defendant’s peremptory exception raising the objection of prescription and dismissing plaintiffs suit with prejudice. For the reasons stated below, we reverse.
FACTS
In early 1984, Robert S. (Bobby) Cunard, Jr., defendant, began work on the development and construction of an apartment complex in Baton Rouge, Louisiana. Cunard met with John Graves of Evans-Graves Engineers, Inc., in February, 1984, to discuss having Evans-Graves perform some necessary engineering services. Evans-Graves was supplied with a set of specifications and construction plans, and based on the information supplied by Cunard, completed the necessary engineering services in July, 1984.
Construction of the apartment complex did not proceed, and Graves determined Cunard intended to abandon the project. On November 12, 1985, Evans-Graves billed Cunard for $16,815.00 for the professional engineering services rendered. Cunard failed to pay. Suit was filed by Evans-Graves against Bobby Cunard, Jr., for payment on November 14, 1988.[1] Cunard answered and, individually and on behalf of RSCJ Corporation,[2] filed a reconventional demand alleging Evans-Graves failed to complete the work in a timely manner, thereby causing damage to RSCJ.
Before trial began Cunard filed a peremptory exception raising the objection of prescription.[3] At the conclusion of plaintiffs case, the trial court sustained defendant’s exception, dismissing plaintiffs suit, with prejudice. Plaintiff has appealed.
JsDISCUSSION
The single issue before this court is whether Evans-Graves’ claim for payment of professional fees was barred by prescription. La.C.C. art. 3494 provides, in part:
The following actions are subject to a liberative prescription of three years:
(1) An action for the recovery of compensation for services rendered, including payment of ... professional fees-
La.C.C. art. 3495 provides, in part:
This prescription commences to run from the day payment is exigible.
Plaintiff argues its claim is not barred by prescription as payment did not become exi-gible until termination of its employment with the abandonment of the project. As *796 was recognized in Garden Hill Land Corp. v. Cambre, 354 So.2d 1064, 1067-68 (La.App. 4th Cir.), writs denied, 356 So.2d 439 (1978), there are numerous considerations that may influence the date a debt for professional services becomes exigible.
Testimony by John Graves established Evans-Graves’ policy concerning billing for professional services. Evans-Graves customarily rendered a bill at a milestone in the project, such as approval from a regulatory agency, the beginning of construction, financing approval, or when the project is abandoned. John Graves testified Evans-Graves has never and did not work on this project on a contingency basis. John Graves testified he determined, based on the lack of progress in beginning construction, that the project had been abandoned and issued a bill for professional services on November 12, 1985.
Bobby Cunard testified his work on the project began in early 1984, but that he was unable to arrange financing for the project and his efforts relating to the project ended sometime in 1985. Bobby Cunard also testified concerning the different methods of billing used by various professionals, some utilizing monthly billing, some utilizing other systems.
UThe record establishes payment for services rendered was not demanded until November 12, 1985. On that day claim was made by Evans-Graves and Evans-Graves’ interest became actionable. It was only after demand by Evans-Graves that the action could be exercised and its judicial enforcement was possible. See La.C.C. art. 3495 Comment (b). Prescription began to run on November 12, 1985, and suit was timely filed on November 14, 1988.
CONCLUSION
The trial court erred in sustaining defendant’s peremptory exception raising the objection of prescription. Accordingly, judgment by the trial court dismissing plaintiffs suit is hereby reversed. This matter is remanded to the trial court for further proceedings. All costs of this appeal to be borne by defendant, Bobby Cunard, Jr.
REVERSED AND REMANDED.

. November 12, 1988, fell on a Saturday; therefore, pursuant to La.C.C. art. 3454, prescription would have accrued on Monday, November 14, 1988, the day suit was filed in the instant suit.

. Testimony by Bobby Cunard offered during trial identified RSCJ Corporation as a corporation of Bobby Cunard's.

. The record contains no memoranda in support of defendant’s exception, and the transcript contains no oral arguments made to the trial court concerning the exception. In addition, defendant failed to file a brief with this court.