JiDOUCET, Chief Judge.
In this worker’s compensation case claimant, the estate of Clarence St.André, Sr., proceeding in forma pauperis, appeals the decision by a worker’s compensation hearing-officer denying the death benefits sought from the decedent’s former employer, Ralph Frey, and Mr. Frey’s compensation earner, Louisiana Worker’s Compensation Corporation. We affirm the decision of the hearing-officer.
*605 FACTS
Decedent, Clarence St.André was employed as a farm hand by Ralph Frey. He had been so employed for about 20 years. At approximately 2:00 P.M. on the afternoon of January 27, 1994, Mr. St.André suffered a myocardial infarction while working-on a tractor, in a shed, with Winston Frey, the son of his employer. Mr. Frey ran to his house, asked his father to call 911, and returned to the shed where he began |2to administer CPR. Acadian Ambulance responded to the call from Ralph Frey and transported Mr. St.André to American Legion Hospital in Crowley. According to hospital records, Mr. St.André ■ was pronounced dead on arrival. His survivors sought worker’s compensation death benefits from defendants. Defendants denied their request, arguing that no benefits were due. Thereafter, a claim was filed with the Office of Worker’s Compensation. At a hearing before a worker’s compensation hearing officer, the hearing officer found that claimant had failed to carry its burden of proof under La.R.S. 23:1021(7)(e) and dismissed its claim. This appeal followed.
LAW AND DISCUSSION
The statute at issue in this case, La. R.S. 23:1021(7)(e), provides as follows:
(e) Heart-related or perivascular injuries. A heart-related or perivascular injury, illness, or death shall not be considered a personal injury by accident arising out of and in the course of employment and is not compensable pursuant to this Chapter unless it is demonstrated by clear and convincing evidence that:
(i) The physical work stress was extraordinary and unusual in comparison to the stress or exertion experienced by the average employee in that occupation, and
(ii) The physical work stress or exertion, and not some other source of stress or preexisting condition, was the predominant and major cause of the heart-related or perivascular injury, illness, or death.
Our brethren of the fourth circuit addressed the application of La.R.S. 23:1021(7)(e) in Votano v. Tulane and Broad Exxon, Inc., 95-1064, pp. 1-6 (La.App. 4 Cir. 11/30/95); 667 So.2d 1117, 1118-1120 writ denied, 96-768 (La.5/3/96); 672 So.2d 687, stating the following:
In 1989, the Louisiana Legislature amended LSA-R.S. 23:1021 of the Worker’s Compensation Law, effective January 1,1990, by adding Subparagraph (7)(e)....
The amended statute was in effect on the date plaintiff suffered his heart attack and, therefore, is the applicable law in the case. This statute makes it more difficult for a claimant to prove that heart-related and perivascular injuries suffered on the job are compensable. The amended ^statute changed the law in three respects. First, it heightened the burden of proof the claimant must show from a preponderance of the evidence to clear and convincing evidence. Second, it changed the standard that the claimant’s physical work stress must be compared to, requiring his or her physical work stress to be extraordinary and unusual when compared to the physical work stress of the average employee in that occupation. Third, it heightened the required causal link between that work stress and the heart injury by requiring the physical work stress to be the predominant and major cause of the heart-related or perivascular injury.
The Louisiana Supreme Court’s most recent interpretation of the 1989 amended statute was in Harold v. La Belle Maison Apartments, 94-0889 (La.10/17/94); 643 So.2d 752. In Harold, the plaintiff filed a worker’s compensation claim against her employer, La Belle Maison Apartments, to recover disability benefits and medical expenses related to a heart attack she suffered while employed as a maintenance worker. At the time of her injury, Harold was doing yard work on the apartment complex grounds when she experienced severe chest and back pains. She stopped working and walked to the apartment building office where she went to the bathroom to wet her face. Upon leaving the bathroom, she encountered her supervisor who instructed her to sit in the air conditioned office for a few minutes. Ten minutes later the supervisor instructed a security guard to bring a work order to Harold. Harold resumed working, fixing a dish *606 washer and toilet in one of the units. While working she continued to have chest and stomach pains. After completing the work order she returned to her apartment in the complex where she collapsed. She was taken to the emergency room of a nearby hospital where she was diagnosed with coronary artery disease and later underwent quadruple aortocoronary bypass surgery.
After a trial on the merits, the hearing officer denied compensation and dismissed Harold’s claim, finding that she had failed to meet the burden of proof required of heart attack claimants as provided in the recently amended LSA-R.S. 23:1021(7)(e). Harold appealed the dismissal, and the court of appeal affirmed.
The Supreme Court reversed and remanded the case to the appellate court for a determination of the extent of plaintiffs injury and the amount of compensation due. In interpreting the statute and finding plaintiff had satisfied her burden of proof, the Court stated:
The first prong of the amended statute requires plaintiff to prove by clear and convincing evidence that the physical work stress she experienced was extraordinary and unusual in comparison to the stress or exertion experienced by the average employee in that occupation. La. R.S. 23:1021(7)(e)(i). ‘Extraordinary’ is defined as ‘going beyond what is unusual, regular, or customary.’ Webster’s New Collegiate Dictionary (1977). ‘Unusual’ is defined as ‘not usual’ and ‘uncommon;’ that is, not in accordance with usage, custom, or habit. Id. As is apparent from these ^definitions, the terms ‘extraordinary’ and ‘unusual’ have similar meanings. We hold that these terms require plaintiff to prove that her physical work stress went beyond what was usual, regular or customary in relation to the average employee in that occupation.
* * * * * *
The second prong of the amended statute requires Harold [claimant] to prove by clear and convincing evidence that her physical work stress or exertion, and not some other source of stress or preexisting condition, was the predominant and major cause of her myocardial infarction. La.R.S. 23:1021(7)(e)(ii).
* * * * * *
[W]e hold that La.R.S. 23:1021(7)(e) must not be construed to preclude recovery of worker’s compensation benefits simply because the claimant suffers from previously unknown but undoubtedly existent coronary artery disease. As long as such a claimant meets the heightened burden of proof imposed by the amended statute, he or she can recover. In the instant case, Harold has proven by clear and convincing evidence that the continuation of physical labor at the mandate of her employer after the onset of pain, combined with the resultant delay in receiving medical treatment, was the predominant and major cause of the severe damage to her heart. Id. at 755-757.
In the instant case, plaintiff testified at the hearing that at the time of his injury he was 55 years old and had smoked an average of one to three packs of cigarettes per day. Plaintiff testified he purchased the service station in 1972 and worked very long hours until he suffered his heart attack. According to plaintiff, he often worked as many as twenty hours per day, seven days a week. He testified that under the terms of his contract with Exxon he was required to keep the station opened 24 hours each day. Because gasoline sales were sparse at night, plaintiff did not think it was economically feasible to hire another full time employee. Plaintiff testified that he was not only responsible for the station’s daily operations, selling gas and keeping the records, but he also was the mechanic on duty, repairing and servicing automobiles. Due to the long hours and heavy work load, plaintiff claimed he had no regular break schedule or lunchtime. As a result, he stated he usually ate fast food and junk food.
The deposition of plaintiffs treating physician, Dr. William B. Smith, was perpetu *607 ated for trial. Dr. Smith testified that plaintiff suffered an acute myocardial infarction, a heart attack. He further testified that plaintiffs heart attack was complicated because plaintiff simultaneously | 5experienced cardiogenic shock, or inadequate blood supply, and a heart block, meaning the top part of plaintiffs heart was beating independently of the bottom part....
Dr. Smith testified that although plaintiff had no history of a preexisting heart condition, his heart disease and resultant blockages occurred gradually over many years. According to Dr. Smith, he was not surprised that plaintiff had had a heai’t attack, as he was a prime candidate for one and eventually he would have suffered an attack absent any special event, activity, or sudden burst of energy.
The deposition of Dr. John A. Phillips, Jr. was also perpetuated for trial purposes. Dr. Phillips, an expert cardiologist, testified that he did not treat plaintiff but he had reviewed his medical records. His review of plaintiffs medical records indicated that plaintiff had several factors causing him to be at high risk for a heart attack. These factors included middle age; male gender; a positive family history; elevated blood sugars, indicating a propensity to develop diabetes; and, a significantly long term smoking habit_
The findings of fact of a hearing officer are subject to the manifestly erroneous standard of review. Charles v. Travelers Insurance Company, 627 So.2d 1366 (La.1993). A reviewing court must review the record in its entirety to determine whether the trial court’s finding was clearly wrong or manifestly erroneous. Rosell v. ESCO, 549 So.2d 840 (La.1989).
In the instant case, the hearing officer, in dismissing plaintiffs claim, stated:
I think that under the pre-1990 law, he would certainly probably be entitled to worker’s compensation, but I’m afraid here that even under the Johnson case, he has not been able to meet the standard in order for the court to find that the heart attack is a compensable injury.
We have carefully evaluated plaintiffs claim using La.R.S. 23:1021(7)(e), the foregoing jurisprudence and the manifest error standard of review. In the case under consideration we have a decedent who had a number of factors causing him to be at high risk for a heart attack, including male gender, middle age, and a history of diabetes. Mr. StAndré had no history of heart disease and his death came without any warning or preceding event. Inasmuch as no autopsy was performed we can draw no further medical conclusions.
_|6The record reveals that at the time of his fatal heart attack decedent was engaged in routine duties about the farm. Testimony establishes that in the morning hours Mr. St.André had been placing 5 foot sections of PVC pipe in the levees or dikes between rice paddies. While it was established that this task was usually done by more than one person and that, when available, a back hoe was used to speed up the task, Winston Frey stated that “putting down pipes” was “not really” that strenuous. Taking the record as a whole, we cannot say that the hearing officer was clearly wrong in concluding that plaintiff had failed to carry, its burden, by clear and convincing evidence, that Mr. St.André was engaged in work of an extraordinary and unusual nature compared to the usual duties of a farm hand, and that the work in which he was engaged at the time of his fatal heart attack was the predominant and major cause of his heart attack.
In reaching this conclusion we have looked at the record both taking into account the transcribed statement of Winston Frey, of which appellant complains, and omitting that statement from our consideration. First, we find the statement was properly admitted by the hearing officer.
L.S.A.-R.S. 23:1317(A) provides that the Hearing Officer shall not be bound by technical rules of evidence or procedure which are relaxed in workers’ compensation hearings. Louisiana courts have consistently held that, in this type of proceeding, hearsay evidence within discretionary limits is admissible. Stewart v. Louisiana Plant Service, 611 So.2d 682, 686 (La.App. *608 4 Cir.1992), writ denied, 616 So.2d 706 (La.1993).
Garvin v. Perret, 95-217, pg. 5 (La.App. 5 Cir. 2/14/96); 670 So.2d 1250, 1254. We find the statement by Winston Frey falls within the discretionary limits of the hearing officer. First, Winston Frey was deceased at the time of the hearing and thus was unavailable. Further, Mr. Frey had known Mr. St.André for approximately 20 years, most of Mr. Frey’s life, and was the person who tried to resuscitate Mr. |7St. André. Finally, there is nothing in Mr. Frey’s statement which would lead this court to believe that his statement was unreliable.
Even if one excludes Winston Frey’s statement, we find that plaintiff neither proved by clear and convincing evidence that, at the time of his heart attack, Mr. St.André was engaged in extraordinary and unusual physical labor when compared to the work done by an average farm hand; nor that the labor in which Mr. St.André was engaged was the predominant and major cause of his fatal heart attack.
Accordingly, for the reasons stated above, the decision of the Office of Worker’s Compensation hearing officer is affirmed.
AFFIRMED.