liCOOKS, Judge.
Gregory L. Tomas sought workers’ compensation benefits after suffering a stroke while attending a meeting at work. The Office of Workers’ Compensation Administration denied benefits and found it lacked jurisdiction to determine Tomas’ constitutional challenge to Louisiana Revised Statute 23:1021(7)(e) which provides recovery for heart-related or perivascular injuries when caused only by extraordinary physical stress. Subsequently, we too agreed hearing officers are not vested with authority to rule on the constitutionality of workers’ compensation statutes. Accordingly, we remanded the cáse to the hearing officer instructing her to transfer the case to the appropriate district court for proceedings on the constitutional issue. Tomas now appeals the trial court’s finding that La.R.S.. 23:1021(7)(e) does not violate the Louisiana State Constitution. For the following reasons, we affirm.
BACKGROUND FACTS AND PROCEDURAL HISTORY
On December 2, 1992, Tomas, Coneo’s marketing director, suffered a stroke while attending a Coneo executive meeting. He was immediately transported to the hospital where diagnostic work, including an angio-gram, was performed. As a result of complications related to the angiogram, Tomas suffered a second stroke which resulted in him sustaining severe, irreversible brain damage. Tomas filed a claim for workers’ compensation benefits grounded on La.R.S. 23:1021(7)(e) which, as it stands, limits recovery to employees who suffer heart-related or perivascular injuries caused by extraordinary physical stress only. Tomas could have filed suit relying on general tort law. Instead, he claimed entitlement to benefits pursuant to the special, remedial provisions of Louisiana’s Workmen’s Compensation Act. To avoid dismissal, Tomas amended his petition to challenge the constitutionality of La.R.S. 23:1021(7)(e).
Hearing Officer Sharon M. McCauley found Tomas’ stroke resulted from extraordinary and unusual work-related mental stress as opposed to physical stress and, hence, denied Tomas’ workers’ compensation claim. McCauley further concluded the workers’ compensation tribunal lacked jurisdiction to rule on Tomas’ constitutional challenge to La.R.S. 23:1201(7)(e)(i) and (ii). On rehearing, we remanded the case to the Office of Workers’ Compensation with instructions to transfer it to the district court of proper jurisdiction. The trial court found La.R.S. 23:1021(7)(e) was constitutional. To *946 mas’ subsequent Motion for New Trial was denied.
Tomas assignments of error read:
1. The trial judge committed reversible error in not finding a “class of disabled employees” who demonstrate by clear and convincing evidence that the predominant and major cause of their heart attack or stroke was extraordinary and unusual nonphysical work stress in comparison to the stress or exertion experienced by the average employee in that occupation not some other source of stress or pre-existing condition are in a “class” protected by Article IjJjsSee. 3 of the Louisiana Constitution which prohibits discrimination based on “physical condition.”
2. The trial court committed reversible error in not finding that the proponents of R.S. 23:1021(7)(e) faded to meet their burden of proof that excluding workers’ compensation benefits to a “class of disabled employees” who demonstrate by clear and convincing evidence that the predominant and major cause of the heart attack-stroke was extraordinary and unusual work stress in comparison to the stress or exertion experienced by the average employee in that occupation and not some other source of stress or pre-existing condition, substantially farthers an important governmental objective.
3. The trial judge committed reversible error in not declaring LSA-R.S. 23:1021(7)(e) unconstitutional because it denied equal protection guaranteed by Art. I Sections 1, 2 and 3 of the Louisiana Constitution insofar as it excludes workers’ compensation benefits for a “class of disabled employees” who demonstrate by clear and convincing evidence that then-stroke or heart attack was caused by extraordinary or unusual non-physical work stress in comparison to the stress or exertion experienced by average employees occupation and not some other source of stress or pre-existing condition.
4. The trial judge committed reversible error in not finding R.S. 23:1021(7)(e) is unconstitutional under the facts of this case because it denies a fundamental right of adequate remedy by due process of law guaranteed by Art. I, Secs. 1, 2, 3 and 22 of the Louisiana Constitution to “disabled employees who demonstrate by clear and convincing evidence that the predominant and major cause of strokes or heart attacks is extraordinary and unusual nonphysical work stress in comparison to the stress or exertion experienced by the average employee in his occupation and not some other source of stress or pre-existing condition.”
LAW & DISCUSSION
Our role in determining the constitutionality of statutes was discussed by the Louisiana Supreme Court in Chamberlain v. State, through DOTD, 624 So.2d 874 (La. 1993). In Chamberlain, the supreme court stated:
“It is not our role to consider the policy or wisdom of the [legislature] in adopting [the statute]. It is our province to determine only the | /¡applicability, legality and constitutionality of the [statute].” City of New Orleans v. Scramuzza, 507 So.2d 215, 219 (La.1987) (collecting cases); Board of Commissioners of Orleans Levee District v. Dept. of Natural Resources, 496 So.2d 281, 298 n. 5 (La.1986) (noting that separation of powers precludes court from considering wisdom of statute).
Id. at 879. With the Chamberlain opinion in mind, we must consider “not whether the constitution empowers, but rather whether the constitution limits the legislature, either expressly or impliedly, from enacting the statute at issue.” Id. Because the issues Tomas raises are interrelated, we elect to address all assignments of error together.
Tomas contends the trial judge erred in failing to find him in a class protected by Article I, Section 3 of the Louisiana Constitution which prohibits discrimination based on physical condition. In addition, Tomas alleges the trial judge erred in failing to find that La.R.S. 23:1201(7)(e) does not substantially further an important governmental objective which may be required where persons or interests are classified differently.
The trial court found Tomas was not in a class of disabled employees protected by Ar- *947 tide I, Section 3 of the Louisiana Constitution which prohibits discrimination against persons because of “physical condition.” In his oral reasons for judgment, the trial judge stated:
“The — -I see no derivative class in the sense as one group, which can be determined as being discriminated against. It is gender neutral. It is race neutral — the statute, that is. It is generic neutral. It is nationality neutral. Only after there has been a condition resulting does the argument that plaintiff has used, and very effectively, too — that now that this condition has arose — i.e., stroke, heart attack — then the person so affected becomes a member of a class.
[SI don’t think that is a kind of class that the Constitution prescribes, but even if it is, I think that there is a sufficient interest in the legislature in dealing with a perceived problem that was brought to the fore in the [Reid] decision, expanding the coverage to those non-physical work type heart attacks or strokes.
To that end, I must hold that the statute is constitutional and is an appropriate and proper action on the part of the legislature to deal with the problem that they reasonably perceived as an-existence.”
In brief, Tomas contends the trial judge’s findings are contrary to the law as set forth by the Louisiana Supreme Court in Sibley v. Board of Supervisors of Louisiana State University, 477 So.2d 1094 (La. 1985). In Sibley, the plaintiff proved that acts of malpractice consigned her to a lifetime of institutional care and that her total damages exceeded the $500,000.00 statutory limit legislatively established for recovery in medical malpractice suits. The Sibley plaintiff argued the $500,000.00 statutory limitation was invalid because it conflicted with the equal protection clause of Article I, Section 3 which prohibits discrimination based on “physical condition.” The Louisiana Supreme Court held that a provision affecting “severely injured plaintiffs” who were singled out by the statute and denied full recovery was a legislative classification based on “physical condition” as defined by Art. I, Sec. 3 of the Louisiana Constitution.
The Supreme Court reasoned, in pertinent part:
“The statute creates two classes: one, a group of malpractice victims each of whom has suffered damage that would oblige a defendant under our basic law to repair it by paying in excess of 500,000 dollars; another, a class consisting of victims whose damages would not require an award over this amount to make individual reparation. Victims in the former class are prevented from recovering for all their damage, while those in the latter class are allowed full recovery. Damage to the physical condition of |6each malpractice victim is the primary element of his damage and a primary cause of his being assigned to one of the two classes. Thus, the statutory classification disadvantages or discriminates against one class of individuals by reason of or because of their physical condition.”
Id. at 1108-1109. Tomas insists a careful analysis of Sibley clearly demonstrates La. R.S. 23:1201(7)(e) discriminates against him based upon his physical condition; thereby placing him in a “class” protected by Article I Section 3 of the Louisiana Constitution. Like the court found in Sibley, Tomas urges the statute at issue creates two classes: one, a group of workers who suffer heart-related or perivascular injuries associated with “extraordinary and unusual work-related physical stress;” another, a class consisting of workers who suffer the same injuries associated with “extraordinary and unusual work-related mental stress.” Employees in the former group are allowed to recover compensation and medical benefits under the Act while those in the latter are denied such benefits. As a result, Tomas maintains the statute disadvantages or discriminates against one class of individuals because of their physical condition. While we understand the legislature has distinguished those who suffer heart attacks and perivascular injuries as a result of physical stress from those who fall ill due to emotional or other work related factors, we cannot say such qualification impinges on Tomas’ “fundamental rights.” Moreover, we find there is a sufficient interest furthered by the legislature’s decision to alter the law as it has.
*948 Article I, Section 3 of the 1974 Louisiana Constitution, the Declaration of Right to Individual Dignity, provides:
No person shall be denied the equal protection of the laws. No law shall discriminate against a person because of race or religious ideas, beliefs, or affiliations. No law shall arbitrarily, capriciously, or unreasonably discriminate against a person because of birth, age, sex, culture, physical condition, or political ideas or affiliations. Slavery and involuntary servitude hare prohibited, except in the latter case as punishment for crime.
Equal protection guarantees essentially require that state laws effect alike all persons or interests similarly situated, but differences in legislative treatment may validly be accorded persons or interests classified differently, provided a rational basis for the differentiation exists which is reasonably related to a legitimate governmental purpose. U.S. Const. Amend. XIV; See Succession of Robins, 349 So.2d 276 (La.1977). Section 3 commands the courts to decline enforcement of a legislative classification of individuals when the statute classifies persons on the basis of birth, age, sex, culture, physical condition, or political ideas or affiliations, unless the state or other advocate of the classification shows that the classification has a reasonable basis. See Sibley, supra, at 1107.
Louisiana Revised Statute 23:1021(7)(e) provides, in pertinent part:
A heart-related or perivascular injury, illness, or death shall not be considered a personal injury by accident arising out of and in the course of employment and is not compensable pursuant to this Chapter unless it is demonstrated by clear and convincing evidence that:
(i) The physical work stress was extraordinary and unusual in comparison to the stress or exertion experienced by the average employee in that occupation, and
(ii) The physical work stress or exertion, and not some other source of stress or preexisting condition, was the predominant and major cause of the heart-related or perivascular injury, illness, or death.
It is well settled the legislature is entitled to exercise any power that is not specifically prohibited by the Constitution, and a party attacking the constitutionality of an act must identify the provision of the constitution which |8clearly prohibits the legislative action. Moore v. Roemer, 567 So.2d 75 (La.1990); and Board of Directors of the Louisiana Recovery Dist. v. All Taxpayers Property Owners and Citizens of Louisiana, 529 So.2d 384 (La.1988). Our State’s Supreme Court has held that the alleged unconstitutionality must be proven by clear and convincing evidence unless fundamental rights, privileges, and immunities are involved. Lakeside Imports, Inc. v. State of Louisiana, 639 So.2d 253 (La.1994); and Board of Directors, supra, at 387-388. Tomas’ attack must fail if there exists a reasonable relationship between the law and the promotion or protection of a public good, such as health, safety, or welfare. Theriot v. Terrebonne Parish Police Jury, 436 So.2d 515 (La.1983); Gilbert v. Catahoula Parish Police Jury, 407 So.2d 1228 (La.1981). Thus, the threshold issue for us becomes whether the statute impinges on a fundamental right, in which case persons with conditions, such as Tomas, would qualify as members of a suspect class.
Though the case is not squarely on point, our brethren on the 4th Circuit had opportunity to consider the constitutionality of La. R.S. 23:1021(7)(e) in Cosse’ v. Orleans Material and Equipment, 626 So.2d 440 (La.App. 4 Cir.1993), writ denied, 93-2915 (La.1/28/94); 630 So.2d 795. The Cosse ’ court held:
Plaintiff’s assertion that La.R.S. 23:1021(7)(e) is unconstitutional is also without merit. Persons with heart conditions are not members of a suspect class entitled to strict scrutiny. Furthermore, no fundamental right has been impinged in the instant ease. The statute satisfies the legitimate state interest of compensating only those employees who suffer heart attacks as a result of factors related to their work. (Emphasis provided).
Id. at 442. Prior to the 1989 amendments to La.R.S. 23:1021(7)(e), the Louisiana Workers’ Compensation Act recognized the com-pensability of perivascular or heart-related *949 claims irrespective of the source of the job stress (i.e., physical, mental or emotional). See Reid v. Gamb, Inc., 509 So.2d 995 (La. 1987). However, |9the 1989 amendments were designed to specifically overrule Reid and to require the employee to prove extraordinary physical, not mental or emotional, job stress. See Votano v. Tulane and Broad Exxon, Inc., 95-1064 (La.App. 4 Cir. 11/30/95); 667 So.2d 1117; and Debona v. Pawn, 94-430 (La.App. 3 Cir 11/2/94); 649 So.2d 449, writ denied, 94-2878 (La.1/27/95); 650 So.2d 242.
In Debona, the employer appealed the hearing officer’s judgment in favor of a claimant who sought benefits for an on the job heart attack. Debona’s duties at the pawn shop included ringing up pawn tickets, waiting on customers,, and lifting merchandise such as televisions, tools and toolboxes, as well as other small appliances. Items that were not on rollers, but that were too heavy for one person to lift, were lifted by Debona and a co-worker.
On one occasion,. Debona and his brother went to the grocery store and purchased approximately twelve cases of soft drinks for the pawn shop. The temperature and humidity were high; yet, Debona, because the shop was busy, picked up seven cases weighing approximately sixty-three pounds and proceeded to the store. He testified that he was trying to “hurry with the cokes and picked up seven cases, instead of one or two at a time, so that he could take care of the customers.” Id. at 451. When lifting the soft drinks, Debona suffered what was later diagnosed as a heart attack.
We referred to our earlier opinion in Johnson v. Petron, Inc., 617 So.2d 1358 (La.App. 3 Cir.); writ denied, 623 So.2d 1338 (La.1998), which explained that the 1989 amendments to 23:1021, “changes the law in three ways.” Id. at 452. These included adding the “requirement that the physical work stress or preexisting condition, be the predominant and major cause of the (injury).” Id. We agreed with the hearing officer’s finding that despite several attributing factors, the “work | ipexertion was the ‘precipitating’ cause of Debona’s heart attack.” Id. at 454. Here, the hearing officer found Tomas’ stroke was work-related, but precipitated by emotional or mental stress. This distinction leaves Tomas outside the protection of the workers’ compensation .laws.
Tomas’ constitutional argument is similar to that urged by the claimant in Deegan v. Raymond Int’l Builders, Inc., 518 So.2d 1082 (La.App. 5 Cir.1987), writ denied 523 So.2d 232 (La.1988). In Deegan, the claimant unsuccessfully . argued that La.R.S. 23:1221(4)(q) of the Act was unconstitutional because- its fifty percent disability threshold deprived him of equal protection under Article I, Section 3. In fact, the Deegan claimant based his argument on the same constitutional tenet as Tomas — namely that the statute discriminated on the basis of his physical condition. Id.
In rejecting Deegan’s theory, the court found that it is “the legislature’s function to draw certain lines, in the workmen’s compensation act and elsewhere.” Id. at 1085. These statutory distinctions “serve legitimate public interest,” thus, the Deegan court held the constitution does not prevent the legislature from drawing distinctions in workers’ compensation statutes such as the one challenged by Tomas. Id. The Deegan decision also reinforces the policy that statutes are presumed to be constitutional, “and judicial self-restraint is appropriate when statutes are under constitutional attack.” Sherman v. The Cabildo Const. Co., 490 So.2d 1386, 1390 (La.1986); see also Moore v. RLCC Technologies, Inc., 95-2621 (La.2/28/96), 668 So.2d 1135, 1140.
Similarly, in Benoit v. Maco Manufacturing, 93-396 (La.App. 1 Cir. 3/11/94); 633 So.2d 1301 (La.App. 1st Cir.1994), the court reviewed an employee’s claim that the peri-vascular provision of the statute “denie[d] him equal protection ofjuthe law in that it ereate[d] a subclass of workers ...” Id. at 1305. The Benoit court prefaced its decision by stating that “[e]qual protection provisions of the state and federal constitution do not mandate equal treatment.” Id. In upholding 23:1021(7)(e), the court asserted “difference in legislative treatment may validly be accorded persons or interest classified differently, provided there be shown a rational basis for differentiation which is reasonably *950 related to a legitímate governmental purpose.” Id.; see also, Evans-Graves Engineers, Inc. v. Cunard, 95-1035 (La.App. 1 Cir. 12/15/95), 665 So.2d 794; writ denied, 96-0211 (La.3/15/96), 669 So.2d 419.
In finding a legitimate governmental purpose, the Benoit Court noted that injuries to employees with perivascular conditions are more difficult to determine than other types of work-related injuries. Benoit at 1305, citing Carruthers v. PPG Industries, Inc., 551 So.2d 1282 at 1285 (La.1989). Thus, the statute’s redactors sought “to balance the extremes which would result if employers were required to compensate all employee injuries or only hire completely healthy workers.” Benoit.
Tomas could have filed suit under general tort law, an option he decided not to exercise. In Connor v. Naylor Indus. Serv., 579 So.2d 1226 (La.App. 3 Cir.1991), we recognized if an employee’s claim did not fulfill the criteria of the Act and was therefore “not compensa-ble under the Act ... [the] plaintiff is entitled to proceed against his employer in tort.” Id. at 1227, relying on Spillman v. South Central Bell, 518 So.2d 994 (La.1988). See also, Ellis v. Normal Life of Louisiana, 93-1009 (La.App. 5 Cir. 5/31/94); 638 So.2d 422; Adams v. Denny’s, Inc., 464 So.2d 876 (La.App. 4 Cir.1985); Samson v. Southern Bell Telephone and Telegraph Co., 205 So.2d 496 (La.App. 1 Cir.1967). Connor involved a heavy equipment operator who brought a workers’ compensation action against his employer to recover for gradual hearing loss. The employer and its insurer answered the petition denying they were | pliable for benefits. Subsequently, plaintiff filed a supplemental and amending petition seeking tort damages for the alleged negligence of his employer. The employer filed an exception, contending that plaintiffs petition failed to state a cause of action insofar as it sought tort damages. The trial judge sustained the exception, ruling plaintiffs tort claim was barred by the exclusive remedy of workers’ compensation. We agreed plaintiffs claim was not covered under the applicable statute and was, thus, not compensable under the act. Nevertheless, this court stated “[u]nder these circumstances, we find that plaintiff is entitled to proceed against his employer in tort.” Id. at 1227. Our decision was in accordance with the Louisiana Supreme Court’s per curiam holding in Spillman. The court reasoned, in pertinent part:
If [the injury in question] is not compensa-ble under the Act because it does not fit into the Act’s definition of an injury, then the employer would not have tort immunity. Therefore, it may be possible for the plaintiff to state a cause of action in tort.
Id. at 994. Louisiana Constitution Article I, Section 22, provides that “[a]ll courts shall be open, and every person shall have an adequate remedy by due process of law and justice, ... for injury to him in his person ...” On the other hand, La. R.S. 23:1021(7)(e) states “[a] heart related or peri-vascular injury illness ... is not compensable pursuant to this Chapter ...” (Emphasis provided). The language of the statute does not deprive Tomas of an “adequate remedy;” his remedy simply is not provided for by the Workers’ Compensation Act. If Tomas can establish the elements of a tort claim, there is nothing stopping him from pursuing a negligence action in the proper district court. As the first circuit noted in Samson, supra, “the courts have repeatedly held that where the injury is one for which compensation is not due under the workers’ compensation act, the employee may sue his employer inJjjtort upon alleging the injury resulted from the employer’s negligence.” Id. at 501. If a claimant’s action “is not within the compensation statute,” such as the case at bar, “certainly [the claimant] may enforce his rights under the general law of torts.” Id.
The Louisiana Supreme Court noted the amendments to 23:1021(7)(e) may expose “some employers, in those eases where the plaintiff can prove the elements of his claim, to the more financially harsh tort liability for those heart attacks and strokes now excluded from compensation coverage ...” Charles v. The Travelers Insurance, 627 So.2d at 1372, fn. 17. With the option of bringing a suit in tort available to him, Tomas’ access to a judicial remedy has not been denied or impeded in any way. Unlike the patient in Sibley, Tomas’ “basic right” to full recovery has not been denied or affected. If such had *951 transpired, the constitution would compel a different result in this case. Tomas and others, suffering similar disabilities, may still assert causes of action against their employers under general tort law.
DECREE
Based upon the foregoing, the hearing officer’s decision is affirmed in all aspects. Costs of this appeal are assessed against the plaintiff, Gregory L. Tomas.
AFFIRMED.
THIBODEAUX, J., dissents and assigns reasons.