# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

# 03-256

## MARTIN PETITJEAN, II

## VERSUS

## W. PETITJEAN OPERATING CO.

**************

## APPEAL FROM THE
## OFFICE OF WORKERS' COMPENSATION, DISTRICT 4
## PARISH OF ACADIA, NO. 01-05758
## HONORABLE SHARON M. MORROW, PRESIDING

**************

## SYLVIA R. COOKS
## JUDGE

**************

Court composed of Ulysses Gene Thibodeaux, Sylvia R. Cooks, and Billy H. Ezell, Judges.

**AFFIRMED.**

**Kenneth Privat**
**Privat & Regan**
**P.O. Drawer 688**
**Crowley, Louisiana 70527**
**(337) 783-7141**
**COUNSEL FOR APPELLANT:**
        **Martin Petitjean, II**

**Jeffrey Warrens**
**Johnson, Stiltner, & Rahman**
**P.O. Box 98001**
**Baton Rouge, Louisiana 70898**
**(225) 231-0652**
**COUNSEL FOR APPELLEE:**
        **W. Petitjean Operating Co.**

**COOKS, Judge**.

**STATEMENT OF THE CASE**

Appellant, Martin Petitjean II, an attorney, was employed as the manager of W. Petitjean Operating Company, a family partnership. Mr. Petitjean's, duties included supervising two secretaries, preparing lease and eviction notices, approving lease agreements, transferring interests between the partners, signing checks, reading mail and reviewing all bank statements. He also inspected rental property to determine what work needed to be done. Although it was Mr. Petitjean's responsibility to oversee the upkeep of the partnership property, the physical repair and maintenance work was contracted to Bill Lyons. Mr. Petitjean's work load increased significantly due to the unexpected suicide, a month earlier, of one of his long-time secretaries.

On December 15, 2000, the day of the incident, Mr. Petitjean drove out to inspect certain rental properties and discovered one of Mr. Lyon's employees cutting branches from old magnolia tree which he considered a "family treasure and not to be touched." He became very angry and upset. He ran across the road and confronted the employee. He then returned to his office and began working on a spreadsheet. He noticed loss of vision in his left eye and numbness in his arm. He left the office and drove eight miles to his home. His companion drove him to the hospital in Crowley. Diagnostic tests determined Mr. Petitjean suffered a mild stroke. He filed a workers' compensation claim for reimbursement of approximately $10,000 in medical expenses he incurred. The workers' compensation judge denied the claim stating:

> I am very sorry, but I'm going to have to rule against Mr. Petitjean. Based on the language of the statute 1021(7)(e) which speaks in terms of physical work stress or exertion. I do find that Mr. Petitjean was subject to work stress on the day of the incident, both the suicide of the secretary and the trimming of the tree combined together to result in an unusual degree of stress which lead to the incident. And I find that they were both related to the work regardless of Mr. Petitjean's reason for being in

2

the neighborhood. . . .

However, the work stress has to be physical. I came across something very similar in the Tomas, T-o-m-a-s versus Conoco case. In that case like this one, I felt very clearly that the stress was work related; however, the statute limits recovery for these injuries to physical work stress only. . . . [T]herefore I feel I am compelled to rule that there was no physical work stress. The work stress was emotional as opposed to physical. And therefore the claim must be denied.

For the reasons assigned below, we affirm the decision of the workers' compensation judge.

## LAW AND DISCUSSION

Louisiana Revised Statute 23:1021(7)(e) provides in relevant part:

Heart-related or perivascular injuries. A heart-related or perivascular injury, illness, or death shall not be considered a personal injury by accident arising out of and in the course of employment and is not compensable pursuant to this Chapter unless it is demonstrated by clear and convincing evidence that:

(i) The physical work stress was extraordinary and unusual in comparison to the stress or exertion experienced by the average employee in that occupation, *and*

(ii) The physical work stress or exertion, and not some other source of stress or preexisting condition, was the *predominant and major cause of the heart-related or perivascular injury, illness, or death.*

(Emphasis added.)

Mr. Petitjean contends the physical act of running across the road and the angry confrontation with Mr. Lyon's employee is "extraordinary and unusual" physical work stress when compared with the average office manager and should qualify him for benefits.

In *Hatcherson v. Diebold, Inc.*, 00-3263 (La. 5/15/01), 784 So.2d 1284, the widow of a customer service manager was denied workers' compensation death benefits when her husband suffered a pulmonary thromboembolism while engaged in the course and scope of his employment. The manager's duties were administrative, not physical, in nature and involved supervising other employees. The Louisiana

3

Supreme Court denied benefits, citing La.R.S. 23:1021(7)(e)(i) and (ii), and stated:

> This statute is significant in that it changed the law regarding such injuries in three respects. *Harold v. La Belle Maison Apartments*, 94-0889 (La. 10/17/94), 643 So.2d 752. First, it imposes a heightened burden of proof–clear and convincing–which is an "intermediate" standard falling somewhere between the ordinary preponderance of the evidence civil standard and the beyond a reasonable doubt criminal standard. *Black's Law Dictionary* 227 (5ᵗʰ ed. 1979). Second, it requires the physical work stress be compared to the stress experienced by the average employee in that occupation as opposed to the stress of every day life. Finally, "it heightens the required causal link between that work stress and the heart injury by requiring the physical work stress to be the predominant and major cause of the heart-related or perivascular injury." *Harold,* 94-0889 at p. 5, 643 So.2d at 755. Significantly, the statute restricts such compensable perivascular injuries to those arising out of physical, as opposed to mental, stress.

*Id.* at p.4-5, 1288.

In *Tomas v. Conco Food Distrib.*, 97-426 (La.App. 3 Cir. 10/22/97), 702 So.2d 944, Mr. Tomas, Conco's marketing director, suffered a stroke while attending a Conco executive meeting. He sought recovery under the Workers' Compensation Act. The workers' compensation judge denied benefits finding Mr. Tomas's stroke resulted from extraordinary and unusual work related *mental* stress as opposed to *physical* stress and La.R.S. 23:1021(7)(e) limits recovery for injuries caused by physical stress only. Mr. Tomas appealed contending this provision violated the Louisiana State Constitution. This court affirmed the decision of the workers' compensation judge and found La.R.S. 23:1021(7)(e) does not violate the Louisiana State Constitution, stating:

> Prior to the 1989 amendments to La.R.S. 23:1021(7)(e), the Louisiana Workers' Compensation Act recognized the compensability of perivascular or heart-related claims irrespective of the source of the job stress (i.e., physical, mental or emotional). See *Reid v. Gamb, Inc.*, 509 So.2d 995 (La.1987). However, the 1989 amendments were designed to specifically overrule *Reid* and to require the employee to prove extraordinary physical, not mental or emotional, job stress. *See Votano v. Tulane and Broad Exxon, Inc.*, 95-1064 (La.App. 4 Cir. 11/30/95), 667 So.2d 1117; and *Debona v. Pawn*, 94-430 (La.App. 3 Cir. 11/2/94), 649 So.2d 449, *writ denied,* 94-2878 (La.1/27/95), 650 So.2d 242.

4

*Id*. at pp. 8-9, 948-49.

The workers' compensation judge found Mr. Petitjean experienced on-the-job stress triggered by his secretary's suicide and the tree trimming incident. However, she characterized the source of his stress as purely mental in nature and, although, she found the job-related mental stress may very well have played a role in causing his eventual stroke, she found La.R.S. 23:1021 (7)(e), as amended, limits recovery for such injuries to those caused by physical work stress.

On appeal, Mr. Petitjean does not attack the judge's legal reasoning; nor does he question the constitutionality of the statute's new physicality requirement. Instead, Mr. Petitjean insists the facts show he endured physical stress which resulted from his physical exertion in running across the road to confront the tree trimmer. However, the "clear and convincing" burden imposed by the statute required Mr. Petitjean to carry much more than he was apparently able to shoulder. In addition to establishing that the work stress was physical in origin, La.R.S. 23:1021(7)(e)(ii) requires Mr. Petitjean to show it was the "*predominant and major cause of the heart-related or perivascular injury.*" Even if Mr. Petitjean presented evidence sufficient to show the stroke he suffered was causally related to the physical exertion he engaged in prior to its onset, the record does not contain any evidence which a reasonable fact-finder could rely upon to find the physical stress he described was the "predominant and major cause" of his stroke as oppose to some other cause such as a preexisting condition or purely mental stress.

## DECREE

Based on the foregoing review of the evidence, we affirm the decision of the workers' compensation judge. All costs of this appeal are assessed to Mr. Petitjean.

**AFFIRMED.**

5